## STATE v. KELLY, ET AL.■
(No. 1324; June 26, 1928; 268 Pac. 571)

*John Dillon,* for appellant.

*W. O. Wilson,* Attorney General, and *J. A. Greenwood,* Deputy Attorney General, for respondent. (David J. Howell, former Attorney General, and John C. Pickett, former Asst. Attorney General, on the briefs).

BLUME, Chief Justice.

On December 22, 1923, B. V. Koontz, the Sheriff of Washakie County, Wyoming, received a call over the telephone from F. F. McFarlane, Deputy Sheriff of Hot Spring County, and was told that two men would be coming through the town of Worland with an automobile full of intoxicating liquor. Two men were described as driving the automobile, one as a fat, heavy-set man, and the other as a small man. After receiving the message, Koontz took steps to locate the car, should it come through the town, and with that in mind went to the Wild Bear Garage and subsequently to the Worland Garage. At the latter place he saw a car entering, driven by a boy, but two men were standing near the east side of the garage and near the front end thereof. These men corresponded to the description given over the telephone, looked at the sheriff, and seemed to him to be agitated, and he concluded that they were the owners or drivers of the car. The car was an open one, with no side-curtains, and as the sheriff passed it, he could see down in the rear of it and noticed a quilt which covered what appeared to him to be small kegs. He thereupon uncovered these kegs, and found some 25 gallons of whiskey. The two men above mentioned were arrested and are the defendant Ralph Kelly and one Thomas Smith. They admitted the ownership of the car and the whiskey, though the extent

of admissions of Kelly is in dispute. Both of the men were thereupon charged with the unlawful possession of intoxicating liquor. Before the commencement of the trial, defendant Kelly made a motion to suppress the evidence obtained in connection with the search of the automobile above mentioned. Evidence was taken, and the court overruled the motion. Kelly was tried and convicted and sentenced to a term in jail and to pay a fine. From this conviction and sentence he appeals, and the main error assigned is the action of the court in overruling the motion above mentioned.

1. Section 26 of Chapter 117, Session Laws of 1921, provides that:

"Whenever any officer of the law shall discover any person in the act of transporting in violation of law, intoxicating liquors in any * * * automobile * * * or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

A similar statute was construed by the United States Supreme Court in the case of Carroll v. United States, 267 U. S. 132, 45 Sup. Ct. 280. In that case the court pointed out the distinction that has always been observed in the laws of the United States between a home and vehicles and that while no search and seizure without a warrant in a home is permitted, a search of an automibile without a warrant, authorized by law, cannot be said to be unreasonable under all circumstances. It was stated in that case that it would ordinarily be intolerable and unreasonable, if an officer or anyone else were authorized to stop every automobile on the chance of finding liquor and thus subject persons lawfully using the highways to the inconvenience and indignity of a search without a search warrant; that those entitled to use the public highways, have a right of free passage without inter-

ruption of search, unless a competent official authorized to search has probable cause for believing that a vehicle is carrying contraband or illegal goods. Counsel for appellant do not contend that we should not follow this decision, but maintain that the evidence in this case does not show that the Sheriff of Washakie County had any probable cause for searching the automobile in question here.

A case somewhat similar to that at bar is Moore v. State, 138 Miss. 116, 103 So. 483, where the majority of the court held that reliable information imparted to an officer over a telephone may give probable cause for search. In the case at bar the testimony shows that the Deputy Sheriff of Hot Springs County informed the Sheriff of Washakie County that an automobile full of intoxicating liquor would come through Worland and for him to look for it. A description of the men driving the car and a partial description of the automobile was given; the Sheriff identified the defendant and Smith as the men described by him; they acted suspiciously; the outside appearance of the contents of the car and the manner in which they were covered gave the Sheriff additional assurance that the information given him was correct, and taking the evidence as a whole we are not prepared to hold that the court erred in sustaining the search and seizure herein as lawful. True, the Deputy Sheriff of Hot Springs County testified that he did not give the information mentioned in the testimony of the Sheriff, and had the court believed him, the motion made herein should have been sustained. But that was a question of veracity between the two men, and we cannot hold that the trial court should have believed one rather than the other. We realize that there is always an opportunity for pretending that such information as here mentioned has been given, and if such information has not in fact been given, or if it cannot be said that the officer making

the search had a right to believe the informant as a creditable person and as a person who under the circumstances of the case had reasonable cause to believe the truth of the information given, or possibly—a point we need not decide—if it should appear that the informant did not in fact have reasonable cause to believe the truth of the information given by him, then the court should suppress the evidence obtained by reason of such search or seizure. In other words, the court should in all cases be satisfied before permitting the use of such evidence, that the searching officer had in fact probable cause for his search. We might not have been satisfied in the instant case to uphold the trial court, if the probable cause had rested solely upon the information given by the Deputy Sheriff to the Sheriff in this case, but that information was strengthened by reason of the other suspicious circumstances in the case, warranting the court, we think, in its holding. For further cases on the subject, see note 39 A. L. R. 829, and 27 A. L. R. 733.

2. The defendant and Thomas Smith, the two men heretofore mentioned, were charged jointly with the possession of intoxicating liquor. Smith was not present at the trial, and before the commencement thereof, the defendant Kelly filed an affidavit for continuing the trial of the case on account of the absence of Smith, who was stated to be in Montana and that his evidence could be obtained within a reasonable time. The court denied the motion, and this action is assigned as error. The defendant was arrested on December 22, 1923; the foregoing affidavit was filed on April 2, 1925. It is stated in the affidavit that a subpoena was issued for Smith, but the date thereof is not shown. Nor has any showing been made that an attempt had been made to take Smith's deposition. The defendant had sixteen months' time in which to obtain the testimony mentioned. If he was not able to get it within that time, there is no great likeli-

hood that he could have done so within a reasonable time after the filing of the affidavit. Further, it would seem, on the face of the record, that the testimony of Smith, who, it is alleged, would testify that he had possession of the liquor in question and that Kelly had nothing to do with it, would have incriminated himself, and it may be doubtful that he would have done that. We think that in accordance with Keffer v. State, 12 Wyo. 49; Lampitt v. State, 34 Wyo. 247, 271; Griffith v. State, 138 S. W. 1016, we cannot say that the court abused its discretion in overruling the motion.

3. The defendant argues that there was not sufficient testimony in the case upon which to convict him. But that argument is based upon the premise that the evidence obtained through and in connection with the search and seizure hereinbefore mentioned was not admissible. That point has been ruled against him, and the argument as to the sufficiency of the evidence to sustain the verdict must fall with it.

We think that the judgment herein should be affirmed, and it is so ordered.

*Affirmed.*

RINER, J., and CROMER, District Judge, concur.