2007 WY 129

**Vernon McKENNEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–207.

Supreme Court of Wyoming.

Aug. 9, 2007.

Rehearing Denied Aug. 28, 2007.

Representing Appellant: Mike Cornia, Evanston, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Cara Boyle Chambers, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Vernon McKenney entered a conditional guilty plea to the charge of possessing a controlled substance with intent to deliver, a felony. He reserved the right to appeal the district court's denial of his motion to suppress the marijuana seized during a search of his vehicle following a traffic stop. Finding that the search was proper, we affirm.

## STATEMENT OF THE ISSUES

[¶ 2] McKenney presents the following issues for our review:

I. Does the smell of raw marijuana alone create probable cause to search a vehicle[?]

II. Was the trial court's finding that a traffic stop on I–80 at night creates and [sic] "exigency" sufficient to justify a warrantless search error[?]

## FACTS

[¶ 3] On March 7, 2006, Uinta County Deputy Sheriff Thomas Clark and his drug detection dog were participating in drug interdiction efforts on Interstate 80 east of Evanston, Wyoming. Around 8:30 p.m., Deputy Clark encountered McKenney's vehicle, a Subaru Outback bearing South Dakota license plates. A check on the license plate number indicated the plates were registered to a 1968 Oldsmobile. Believing the Subaru was displaying improper plates, Deputy Clark initiated a traffic stop.

[¶ 4] As Deputy Clark was attempting to obtain McKenney's driver's license, vehicle registration, and proof of insurance, he detected a strong odor of "fresh, unsmoked, raw marijuana" emanating from the Subaru. After another failed attempt to match the license plates to the Subaru, Deputy Clark asked McKenney to step out of the vehicle and stand by its rear bumper. About that time, Deputy Shane Roitz arrived at the scene. Deputy Roitz confirmed the smell of marijuana in McKenney's vehicle. Deputy Clark informed McKenney that both he and Deputy Roitz detected the odor of marijuana in the Subaru and, consequently, he had probable cause to search the vehicle. The ensuing search resulted in the discovery of 32 pounds of marijuana.

[¶ 5] McKenney was arrested and charged with one count of possession of a controlled substance with intent to deliver, a felony, in violation of Wyo. Stat. Ann. § 35–7–1031(a)(ii) (LexisNexis 2007). McKenney sought to suppress the marijuana evidence under both the Fourth Amendment to the United States Constitution and Art. 1, § 4 of the Wyoming Constitution, claiming among

other things (1) the odor of raw marijuana did not provide probable cause for the search and (2) the search was per se unreasonable because it was conducted in the absence of exigent circumstances. After a hearing, the district court denied McKenney's motion to suppress. Thereafter, McKenney entered a conditional guilty plea to the charge, reserving the right to challenge the denial of his suppression motion, and was sentenced to 30 to 72 months imprisonment. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] The standard employed by this Court for reviewing a district court's suppression ruling is well known:

> When reviewing a district court's decision on a motion to suppress evidence, we defer to the court's findings on factual issues unless they are clearly erroneous. *Campbell v. State,* 2004 WY 106, ¶ 9, 97 P.3d 781, 784 (Wyo.2004). We view the evidence in the light most favorable to the district court's decision because it is in the best position to assess the witnesses' credibility, weigh the evidence and make the necessary inferences, deductions and conclusions. *Id.* The constitutionality of a particular search or seizure, however, is a question of law that we review *de novo. Id.*

*Hembree v. State,* 2006 WY 127, ¶ 7, 143 P.3d 905, 907 (Wyo.2006). *See also Custer v. State,* 2006 WY 72, ¶ 9, 135 P.3d 620, 623 (Wyo.2006); *Gompf v. State,* 2005 WY 112, ¶ 14, 120 P.3d 980, 984–85 (Wyo.2005); *Lindsay v. State,* 2005 WY 34, ¶ 12, 108 P.3d 852, 855 (Wyo.2005).

## DISCUSSION

### Probable Cause

[¶ 7] McKenney faults the district court's determination that probable cause existed justifying the search of his vehicle. McKenney contends the odor of raw marijuana, standing alone, was insufficient to create probable cause to believe marijuana was currently present in his vehicle.

[¶ 8] Probable cause justifying a search of a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence of a crime. *Vassar v. State,* 2004 WY 125, ¶ 21, 99 P.3d 987, 996 (Wyo.2004) (citing *United States v. Downs,* 151 F.3d 1301, 1303 (10th Cir.1998)); *Gilkison v. State,* 404 P.2d 755, 757–58 (Wyo.1965). The facts and circumstances supporting a determination of probable cause "need not rise to the level of proof of guilt, nor even to the level of prima facie evidence of guilt." *Jandro v. State,* 781 P.2d 512, 518 (Wyo.1989).

[¶ 9] This Court has accepted that an odor, standing alone, can supply probable cause. *Rideout v. State,* 2005 WY 141, ¶ 17, 122 P.3d 201, 205–06 (Wyo.2005). We see no reason to afford less weight to one's use of the sense of smell than to other senses when looking to probabilities. Indeed, the United States Supreme Court points out that an odor sufficiently distinctive to identify a forbidden substance might be evidence of the most persuasive character. *Johnson v. United States,* 333 U.S. 10, 13, 68 S.Ct. 367, 368–69, 92 L.Ed. 436 (1948).

[¶ 10] McKenney suggests the odor of raw marijuana is not distinctive enough to establish probable cause. We disagree. As stated by LaFave, it is "generally accepted that the smell of marijuana in its raw form or when burning is sufficiently distinctive to come within the rule of the *Johnson* case. Consequently, the courts have found probable cause to search when the distinctive odor of marijuana is emanating from a particular place." 2 Wayne R. LaFave, *Search and Seizure* § 3.6(b), at 310–11 (4th ed.2004). *See generally* Donald M. Zupanec, M.A., J.D., Annotation, *Odor of Narcotics as Providing Probable Cause for Warrantless Search,* 5 A.L.R.4th 681 (1981).

[¶ 11] In the instant case, although Deputy Clark could not explicitly describe the smell of raw marijuana, he testified marijuana has a distinctive smell that cannot be compared to any other. Deputy Clark testified he identified the smell emanating from McKenney's vehicle as "fresh, unsmoked, raw marijuana" from his experience and training in law enforcement with raw marijuana, particularly his extensive drug inter-

diction training and his training working with drug dogs. While this alone would be enough to establish probable cause to search the vehicle, Deputy Clark's identification of the smell as marijuana was confirmed by Deputy Roitz. The olfactory perception of two trained law enforcement officers is certainly enough to establish a "fair probability that the car contains contraband or evidence of a crime." Under the circumstances, we find probable cause did exist to support a search of McKenney's automobile.

## Exigent Circumstances

 [¶ 12] McKenney questions whether the district court correctly found that the circumstances of the stop constituted exigent circumstances supporting the search of his automobile. His issue, however, is based on an incorrect premise. Although the district court ruled that exigent circumstances were required along with probable cause, no such requirement exists. The search was conducted pursuant to the automobile exception to the warrant requirement. The "automobile exception" is more properly defined as "a search and/or seizure of an automobile upon probable cause." *Vassar*, ¶ 13, 99 P.3d at 993. No further exigent circumstances are required. *See generally Callaway v. State*, 954 P.2d 1365, 1369–70 (Wyo.1998); *Neilson v. State*, 599 P.2d 1326 (Wyo.1979); *Gilkison v. State*, 404 P.2d 755 (Wyo.1965); *State v. Kelly*, 38 Wyo. 455, 268 P. 571 (1928). We find ourselves once again ruling "[t]he order of the district court that the automobile exception requires a separate finding of exigency in addition to a finding of probable cause 'is squarely contrary' to the United States Supreme Court's holdings in [*Maryland v.] Dyson*, [527 U.S. 465, 467, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam) ], [*United States v.] Ross*, [456 U.S. 798, 809, 102 S.Ct. 2157, 2164–65, 72 L.Ed.2d 572 (1982) ], and [*Pennsylvania v.] Labron* [, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (per curiam) ] and to our

holdings in *Borgwardt [v. State*, 946 P.2d 805, 807 (Wyo.1997) ] and *Gronski [v. State*, 910 P.2d 561, 564–65 (Wyo.1996) ]." *State v. Williams*, 2004 WY 53, ¶ 22, 90 P.3d 85, 92, (Wyo.2004).[1]

. . . .

## CONCLUSION

[¶ 13] Under the circumstances of this case, the detection of an odor sufficiently distinctive to identify a forbidden substance by a qualified person is sufficient, standing alone, to establish probable cause for a search of an automobile. The district court's order denying McKenney's motion to suppress is affirmed.

---

1. McKenney failed to present a Wyoming Constitutional analysis, let alone an analysis that would persuade us to alter current Wyoming precedent. McKenney attempted to correct this omission in his reply brief. Needless to say, McKenney's reply brief is completely improper, and this Court has not considered it. *Budd–Falen Law Offices, P.C. v. Rocky Mountain Recovery, Inc.*, 2005 WY 77, ¶¶ 14–17, 114 P.3d 1284, 1288–89 (Wyo.2005); *Pena v. State*, 2004 WY 115, ¶ 44 n. 6, 98 P.3d 857, 874 n. 6 (Wyo.2004); W.R.A.P. 7.03.