2009 WY 107

**Ira George TUCKER, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–08–0185.**

Supreme Court of Wyoming.

Aug. 25, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender, PDP; Tina N. Kerin, Appellate Counsel. Argument by Ms. Kerin.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny L. Craig, Assistant Attorney General. Argument by Ms. Craig.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] Ira Tucker entered conditional guilty pleas to two counts of possession of a controlled substance with intent to deliver, reserving his right to appeal the denial of his motion to suppress evidence. On appeal, he claims his conditional plea was invalid; the stop, search of his vehicle and his subsequent arrest were not supported by probable cause; he was denied due process because of misrepresentations contained in the affidavit supporting the Information, limitations on his access to discovery and delay caused by changes of counsel; and the arrest warrant was defective. We affirm.

## ISSUES

[¶2] In his brief, Mr. Tucker presents the following issues:

I. Were the "traffic stop," search of appellant's vehicle and subsequent arrest of appellant illegal, as there was no probable cause?

II. Was appellant denied due process of law in the following ways: (1) by the conduct of the prosecutor who included misrepresentations in the affidavit supporting the Information; (2) in the limited access appellant was provided to the discovery in his case; and (3) by the delay which resulted from changes of counsel?

III. Was the arrest warrant defective?

The State presents substantially the same issues. Prior to argument, Mr. Tucker advised the Court that he intended to rely on *Walters v. State,* 2008 WY 159, 197 P.3d 1273 (Wyo.2008), which we issued after he filed his brief, to argue that his convictions must be reversed because, contrary to *Walters,* his conditional plea was based in part on an issue that was not dispositive.

## FACTS

[¶3] On the afternoon of December 8, 2006, the Sheridan County Sheriff's Office received word that an individual wished to provide information concerning the use of controlled substances in the county. Deputies Ryan Mulholland and Boot Hill interviewed the man. In the course of the interview, the man told the deputies that he had purchased methamphetamine from a man named "Ira" on two occasions.[1] He gave the deputies "Ira's" telephone number and told them that "Ira" drove a black Jeep Cherokee and, when he made trips into the Sheridan area, frequented the residence of an individual whose name the deputies recognized from prior controlled substance investigations.

[¶4] The following evening, Deputy Mulholland received a call from the informant advising him that "Ira" was in town. Deputies Mulholland and Hill went to the addresses the informant provided but were unable to locate a vehicle matching the description of "Ira's" vehicle. They returned later with the informant and observed the vehicle at one of the locations. Dispatch confirmed the vehicle license plate belonged to Mr. Tucker and was registered to a 1996 black Jeep Chero-

---

1. The informant also stated he had been involved with drugs most of his life, smoked marijuana, had cooked methamphetamine in several different states and was in the process of obtaining supplies to cook methamphetamine with another individual when he met "Ira." He told law enforcement he recently had decided he wanted to end his involvement in methamphetamine trafficking and that is why he contacted the sheriff's office.

kee. Deputies also obtained a copy of Mr. Tucker's driver's license with his photograph.

[¶ 5] A few days later, the informant went to the Sheridan office of the Division of Criminal Investigation (DCI) and placed a recorded phone call to Mr. Tucker. Deputy Hill monitored and recorded the call during which Mr. Tucker said that he had been to Sheridan and left some "stuff" and would be back again the next weekend. He also said that if the informant wanted "green" he could get "QP650." Based upon his training and experience as a drug task force officer, Deputy Hill understood this to mean that Mr. Tucker could provide the informant with a quarter pound of marijuana for $650.

[¶ 6] Several months later, Deputy Mulholland received another phone call from the informant advising him that Mr. Tucker had called again and would soon be on his way to Sheridan. Deputy Mulholland asked the informant to place another recorded telephone call to Mr. Tucker. The informant agreed and met with Special Agent Michael Hamilton to place the call. Special Agent Hamilton monitored the conversation during which Mr. Tucker stated that he normally charged 200 by the "O" and used the word "kind." Based upon his training and experience, Special Agent Hamilton understood the first reference to mean that Mr. Tucker charged $200 per ounce for marijuana and the term "kind" to refer to the grade of the marijuana. Mr. Tucker also told the informant that if he invested in Mr. Tucker's "little corporation," Mr. Tucker would "wake him up." Special Agent Hamilton was not familiar with the phrase "wake him up" and the informant advised him it meant Mr. Tucker would provide him with methamphetamine.

[¶ 7] On the basis of what they heard during the recorded phone calls, DCI and the sheriff's office made plans to stop and search Mr. Tucker's vehicle as he approached Sheridan. Agents from Casper who had been conducting surveillance of Mr. Tucker's Casper residence advised that he left his home with a female companion in a white Pontiac with a black bra. Deputy Mike Gale parked his patrol car at an I–25 exit ramp south of Sheridan and waited. When he saw a white Pontiac with a black bra and two occupants approaching from the south, he confirmed the license plate as belonging to Mr. Tucker and stopped the vehicle. He told Mr. Tucker that there had been a traffic complaint involving a vehicle like the one he was driving. Deputy Mike Rogers arrived with his dog and had the dog perform an air sniff around the outside of Mr. Tucker's vehicle. The dog alerted to the rear of the vehicle. Deputy Rogers searched the rear of the vehicle and found substances that later tested positive for marijuana and methamphetamine.

[¶ 8] The State charged Mr. Tucker with two counts of possession of controlled substances with intent to deliver, one count for marijuana and the second for methamphetamine. Mr. Tucker filed a motion to suppress the evidence seized from his vehicle claiming the State lacked a reasonable articulable suspicion to justify the stop because there was no traffic violation. Mr. Tucker also asserted law enforcement lacked probable cause to search his vehicle because the drug dog was not reliable. The State filed a response in which it clarified that it was not relying on a traffic violation or the drug dog to justify the stop and search. Rather, the State asserted, the stop was justified on the basis of probable cause which arose from the information obtained from and as a result of the confidential informant. After a hearing, the district court issued an order denying the motion on the ground that law enforcement had probable cause to stop the vehicle.

[¶ 9] On the morning the jury trial was scheduled to begin, defense counsel advised the district court that Mr. Tucker wished to enter a conditional guilty plea, reserving his right to appeal the denial of his suppression motion and "other motions that were filed." Upon questioning from the district court, defense counsel identified "the other motions filed" as involving a due process violation resulting from the State's "subterfuge" in making it appear that law enforcement stopped Mr. Tucker following a traffic complaint and searched his vehicle based upon a dog sniff, allegedly without revealing the confidential informant's involvement. After some discussion aimed at clarifying the issues being reserved for appeal, the district court dismissed the jury and accepted Mr.

Tucker's conditional plea. The district court also indicated it would schedule another hearing to allow full presentation and consideration of the due process claim.

[¶ 10] Defense counsel subsequently filed a document captioned "Further Specifications for Basis of Motion to Suppress" alleging that the State had violated Mr. Tucker's due process rights and various court rules by misrepresenting to him and the district court throughout the proceedings prior to the suppression hearing that his arrest resulted from a traffic stop and dog alert rather than information obtained from the confidential informant. The district court convened another hearing and, after the parties' arguments, denied the motion. The district court subsequently sentenced Mr. Tucker to consecutive terms of seven to ten years for the marijuana count and fourteen to eighteen years for the methamphetamine count with credit for time served prior to sentencing.

## STANDARD OF REVIEW

[¶ 11] We review alleged error in the denial of a motion to suppress pursuant to the following standards:

> Rulings on the admissibility of evidence are within the sound discretion of the trial court. We will not disturb such rulings absent a clear abuse of discretion. An abuse of discretion occurs when it is shown the trial court reasonably could not have concluded as it did. Factual findings made by a trial court considering a motion to suppress will not be disturbed unless the findings are clearly erroneous. Because the trial court has the opportunity to hear the evidence, assess witness credibility, and draw the necessary inferences, deductions, and conclusions, we view the evidence in the light most favorable to the trial court's determination. Whether an unreasonable search or seizure occurred in violation of constitutional rights presents a question of law and is reviewed de novo.

*Barekman v. State,* 2009 WY 13, ¶ 8, 200 P.3d 802, 804–05 (Wyo.2009) (citation omitted). These same standards apply to Mr. Tucker's due process claim; that is, we review the question of whether he was denied his constitutional right to due process *de*

*novo* and the question of whether the evidence was admissible for abuse of discretion. *Smith v. State,* 2009 WY 2, ¶ 35, 199 P.3d 1052, 1063 (Wyo.2009).

## DISCUSSION

### 1. *Validity of the Conditional Plea*

[¶ 12] Mr. Tucker asserts that his conditional plea was not valid because one of the issues he reserved for appeal is not dispositive of his case. He cites *Walters,* ¶ 26, 197 P.3d at 1280, in which this Court held that a conditional plea involving two non-dispositive issues and one dispositive issue was invalid. Mr. Tucker contends that his conviction must be reversed under *Walters* because resolution of his second issue, i.e., that he was denied due process by the State's misrepresentations in the affidavit supporting the Information, will not fully resolve his case.

[¶ 13] In *Walters,* the defendant was charged with a second driving under the influence offense. On the day the trial was scheduled to begin, she indicated her desire to change her plea from not guilty to guilty. At the end of the hearing, and after the circuit court had accepted her change of plea, defense counsel noted for the record that the plea was intended to be conditional. Contrary to the requirements of W.R.Cr.P. 11(a)(2), there was nothing in writing reserving the right to appeal specific pretrial motions or indicating that the State had consented to a conditional plea. Although the judgment and sentence stated that the circuit court accepted the plea as required by the rule, the record showed that the circuit court was not aware that the defendant intended her plea to be conditional until after it had accepted the plea.

[¶ 14] After the judgment and sentence were affirmed on appeal to the district court, the defendant sought review in this Court claiming that the traffic stop was unconstitutional and the circuit court erred in denying her motions to suppress evidence of field sobriety and breath test results. This Court focused its review on the requirements Rule 11 imposes for a conditional plea and concluded those requirements were not met be-

cause there was nothing in writing reserving the issues raised on appeal and the record did not demonstrate that the defendant intended to preserve the right to appeal the specific issues she raised on appeal; there was no clear showing that the State consented and the circuit court approved the conditional plea as contemplated by the rule; and it was not clear from the record whether reversal on the suppression issues would fully resolve the case. Although one of the issues raised would have been dispositive of the case, we held the non-dispositive issues tainted the entire conditional plea.

[¶ 15] *Walters* was significantly different from the present case. In contrast to *Walters*, it was clear from the beginning of the discussion about a change of plea that Mr. Tucker wanted to enter a conditional guilty plea reserving his right to appeal the district court's adverse ruling on his suppression motion and "other motions." Although there was nothing in writing at the time Mr. Tucker made known his desire to enter a conditional plea, the district court and the parties discussed at length the issues Mr. Tucker sought to preserve and the record is quite clear that he intended to preserve for appeal the denial of his suppression motion and, as part of that motion, his claim that the State's alleged misrepresentations denied him due process. In addition to the discussion at the change of plea hearing, Mr. Tucker filed two documents identifying the issues he intended to reserve. The record is clear that the district court accepted Mr. Tucker's plea knowing that it was conditional and only after having defense counsel identify the issues reserved. The record is also clear that the State consented to the conditional plea as required by the rule.

[¶ 16] We said in *Walters*, ¶ 15, 197 P.3d at 1277, that the requirement that the trial court approve a conditional plea ensures that the defendant is not allowed to take an appeal on a matter that can only be fully developed by proceeding to trial. Similarly, the requirement that the State consent ensures that conditional pleas will be allowed only when the decision on appeal will dispose of the case either by allowing the plea to stand or by compelling dismissal of the charges or

suppression of essential evidence. *Id.*, ¶ 15, 197 P.3d at 1277–78. Thus, the requirements of trial court approval and State consent are intended to ensure that only dispositive issues are reserved for appeal following a conditional plea. The district court and counsel in Mr. Tucker's case made a substantial effort to comply with Rule 11 by making sure the issues were clearly identified on the record. Although no one expressly referred to the issues identified as dispositive, it can be inferred from the record that they believed the denial of due process claim was simply part of the broader suppression motion and that a ruling in Mr. Tucker's favor would lead to suppression of the evidence seized from his vehicle and in all likelihood dismissal of the charges.

[¶ 17] When entry of a conditional plea was first brought to the district court's attention, defense counsel advised the court that the due process claim was included in the broader motion to suppress and, if it could be understood that way, Mr. Tucker was ready to enter the conditional plea. Defense counsel stated that if it was necessary to go to trial in order to preserve the due process issue, Mr. Tucker would do so but he preferred to enter a conditional plea. The district court ruled that it would accept the conditional plea as outlined but ordered Mr. Tucker to file a written reservation of the issues he sought to preserve and a motion addressing the due process issue. The district court further stated:

> [B]ecause this has been created by the defendant, the defendant would waive any procedural issues surrounding or accommodating the defendant in this process. [Defense counsel], is that acceptable to you and your client?

Mr. Tucker and defense counsel discussed the matter and defense counsel informed the district court that Mr. Tucker would waive any procedural issues surrounding the conditional plea.

[¶ 18] In his written reservation of right to appeal, Mr. Tucker reserved the right to seek review of the following:

> (1) * * * adverse rulings on the pre-trial motions seeking to suppress the evidence obtained during the seizure of his person

and automobile at the time of his arrest on or about April 24, 2007.

(2) Included in Item 1, above, but set forth here specifically, is the right to seek review of the Court's rulings, before, during and after the suppression hearing held in this matter on April 9, 2008, relating to misconduct by the law enforcement and the prosecution in making false statements to the Defendant at the scene of the arrest, making or allowing false or misleading statements in law enforcement reports, making false or misleading statements in the Affidavit of Probable Cause. . . .

In his subsequent filing, "Further Specifications for Basis of Motion to Suppress," Mr. Tucker focused on the alleged misstatements in the Probable Cause Affidavit, asserted that those misstatements violated his right to due process and asked the district court to suppress the evidence obtained pursuant to the false statements. At the hearing on his due process claim, the following exchange occurred:

THE COURT: Well, what is the remedy that you are asking? Are you asking for a flat out dismissal or more time to prepare for this additional information?

[DEFENSE COUNSEL]: Suppression of the evidence that was described in the probable cause affidavit.

[¶ 19] From these portions of the record, it is clear that the district court and the parties intended the due process claim to be part of the suppression motion and understood that the remedy Mr. Tucker sought was suppression of the evidence. The district court went to great lengths to ensure the requirements of Rule 11(a)(2) were met and defense counsel made it clear that Mr. Tucker did not want to go to trial, wanted to enter a conditional plea and was willing to waive any procedural issues arising from the entry of the conditional plea. Under these circumstances, we will exercise our discretion as we have done before and address the substantive issues Mr. Tucker reserved. *See Johnson v. City of Laramie,* 2008 WY 73, ¶ 6, 187 P.3d 355, 357 (Wyo.2008); *Bouch v. State,* 2006 WY 122, ¶ 29, 143 P.3d 643, 652–53 (Wyo.2006).

## 2. Constitutionality of the Stop, Search and Arrest

[¶ 20] Mr. Tucker contends the stop, search and arrest were unconstitutional because law enforcement did not have probable cause to support those actions. The State relied on four factors to establish that probable cause existed at the time of the stop: 1) Mr. Tucker's criminal history; 2) the confidential informant's reliability; 3) the information the confidential informant provided; and 4) the information law enforcement obtained directly from the recorded phone calls. Mr. Tucker asserts his criminal history did not establish probable cause because his last violation was thirteen years earlier and too old to be relevant. He contends the fact that the information the confidential informant provided turned out be correct after the stop could not establish that probable cause existed to make the stop and the State failed to establish the confidential informant's reliability before the stop. Of the information the informant provided, Mr. Tucker asserts the State only corroborated that a black Jeep Cherokee registered to Mr. Tucker was observed at a Sheridan residence and those facts involved nothing illegal. He contends the State did not corroborate the informant's statement that he had purchased drugs from Mr. Tucker. Finally, he argues the State did not establish that the person on the other end of the recorded phone calls was in fact him as opposed to someone else.

[¶ 21] The State responds that the district court's determination that probable cause existed at the time of the stop was supported by evidence showing that a confidential informant provided reliable information to law enforcement which was independently corroborated by both direct observation and the recorded telephone conversations. As corroboration for the informant's statements, the State points to the fact that the agents located a dark Jeep Cherokee registered to Ira Tucker at an address on Spaulding Street after the informant stated that he had purchased methamphetamine on two occasions from a man named "Ira" who drove a dark colored Jeep Cherokee and could be found either at an address on Spaulding Street

or another address when he was in town. The State also points to the agents' corroboration of statements that, while talking on the phone during the last recorded conversation, Mr. Tucker was outside his Casper residence working on his air conditioner and would be driving to Sheridan in a white convertible. The State asserts that even without the information the informant provided, law enforcement had probable cause based on what the agents heard during the recorded phone conversations concerning the informant's plans to purchase and Mr. Tucker's plans to sell controlled substances when Mr. Tucker arrived in Sheridan. The State argues the corroborated information combined with Mr. Tucker's prior criminal history gave law enforcement probable cause sufficient to justify the stop, search and arrest.

[¶ 22] Both the Fourth Amendment to the U.S. Constitution and article 1, § 4 of the Wyoming Constitution protect citizens from unreasonable searches and seizures. *Callaway v. State*, 954 P.2d 1365, 1369 (Wyo.1998). Under both provisions, searches and seizures made without a warrant or outside the judicial process are per se unreasonable unless they fall within one of the recognized exceptions to the warrant requirement. *Id.* One of those exceptions allows the search of an automobile without a warrant if the officers have probable cause at the time of the search to believe that the automobile contains contraband. *Id.* at 1370. *See also McKenney v. State*, 2007 WY 129, ¶ 8, 165 P.3d 96, 98 (Wyo.2007), defining the automobile exception to the warrant requirement as "a search and/or seizure of an automobile upon probable cause." Probable cause justifying a stop and search of a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence of a crime. *Id.*, ¶ 8, 165 P.3d at 99. The facts and circumstances supporting a determination of probable cause need not rise to the level of proof of guilt, or even to the level of *prima facie* evidence of guilt. *Id.* Probable cause necessary to justify stopping and searching a vehicle without a warrant exists where the known facts and circumstances are sufficient to warrant a man of reasonable prudence to believe that contraband or evidence of a crime will be found. *Holman v. State*, 2008 WY 54, ¶ 21, 183 P.3d 368, 375 (Wyo.2008).

[¶ 23] In the present case, law enforcement knew Mr. Tucker had five prior felony convictions involving controlled substances. In addition, Deputy Hill was familiar with Mr. Tucker from previous employment as a detention officer at a facility where Mr. Tucker had been an inmate. The agents also knew the confidential informant had provided accurate information concerning the Jeep Cherokee, its owner and where it likely could be found when he was in Sheridan. They independently corroborated that the vehicle belonged to Mr. Tucker and that it was located at one of the addresses the informant identified on the date the informant said Mr. Tucker was in town. They also independently verified the address where Mr. Tucker resided in Casper.

[¶ 24] In addition to corroborating information the confidential informant provided, the agents obtained information first-hand by listening to recorded telephone conversations between the informant and a male whom they believed to be Mr. Tucker during which controlled substance transactions were discussed. During one conversation, the person believed to be Mr. Tucker stated that he was working on his air conditioning outside his Casper residence. In a later conversation, the person stated that he and a female friend would be leaving Casper shortly and driving to Sheridan in a white convertible. An agent conducting surveillance of Mr. Tucker's residence verified that Mr. Tucker was working outside the home at the time of the phone conversation and left the residence with a woman in a white Pontiac with a black bra and headed north on Interstate 25. Another agent positioned on an I–25 exit ramp near Buffalo, Wyoming observed a white Pontiac Sunfire with a black bra and two occupants traveling northbound on I–25 toward Sheridan. The agents were able to verify the license plate number and that the vehicle was registered to Mr. Tucker.

[¶ 25] From the totality of these circumstances, a man of reasonable prudence would

have been warranted in the belief that controlled substances would be found in Mr. Tucker's vehicle. As the district court stated, "I don't even think it was a close call. . . . [T]here was clear probable cause under the circumstances . . . based upon the entirety of the evidence. . . . Not solely based upon information obtained from the confidential informant."

[¶ 26] We find no merit in Mr. Tucker's contention that his criminal history was too old to be a relevant factor in establishing probable cause. Although, standing alone, his criminal history would not have established probable cause, the fact that he had five prior felony convictions involving controlled substances within the past nineteen years was certainly a relevant factor in the analysis. We likewise reject Mr. Tucker's argument that the information the confidential informant provided should not have been considered because the agents questioned his motive for coming forward, observed him under the influence of marijuana and did not corroborate his statements until after the stop. From the totality of the circumstances, we conclude the information the informant provided, and which law enforcement corroborated, together with the statements the agents heard first-hand during the recorded conversations concerning the price, quantity and grade of controlled substances Mr. Tucker could provide was sufficient to establish probable cause despite any concerns they had about the informant's motives and use of marijuana.

[¶ 27] Mr. Tucker contends the facts law enforcement corroborated, such as that he drove a Jeep Cherokee and frequented an address on Spaulding Street, did not establish probable cause because they involved nothing illegal. We have said in prior cases that a degree of particularity in the facts an informant provides combined with a prediction of the future actions of third parties makes it reasonable for law enforcement to believe that the informant has furnished reliable information regarding illegal activities of the subject of the tip. *Goettl v. State*, 842 P.2d 549, 553 (Wyo.1992). In *Goettl*, an informant described a silver Volvo with Colorado license plate UKB 606 parked at Mr.

Goettl's brother's residence in Buffalo, Wyoming and said Mr. Goettl would be leaving there soon to transport "a lot of acid" to Sheridan. A police officer verified that a silver Volvo bearing Colorado license plate UKB 606 was parked at the address the informant identified. The police officer then drove to the north exit on the route from Buffalo leading to Sheridan. A few minutes later, he saw the same silver Volvo traveling north toward the interstate. We held that the informant's tip, particularly the prediction of future events, the details of which were verified by the observation of the law enforcement officers, furnished more than adequate probable cause to stop the vehicle. *Id.* at 556. *See also Buckles v. State*, 998 P.2d 927, 930 (Wyo.2000), holding "[T]he degree of particularity in the facts furnished by the informant, coupled with the corroboration of the prediction of future events, gave the officers a reasonable articulable suspicion that the informant had provided accurate information and that the individuals were indeed engaging in illegal activity." The district court reasonably concluded probable cause existed to stop and search the vehicle and did not abuse its discretion in denying Mr. Tucker's suppression motion on that ground.

### 3. Due Process

[¶ 28] Mr. Tucker asserts that the State violated his right to due process and the criminal procedural rules when it did not disclose the true basis for the stop, search and arrest until nearly a year after he was arrested. Mr. Tucker contends that the State misrepresented that deputies stopped Mr. Tucker following a traffic complaint and searched his vehicle after a drug dog alerted, a position that it maintained up until the suppression hearing when, he alleges, it disclosed for the first time that there was no traffic complaint and the dog alert was a subterfuge to protect the State's confidential informant. Mr. Tucker claims that as a result of these misrepresentations, defense counsel prepared his defense without a correct understanding as to the circumstances giving rise to the stop, search and arrest.

[¶ 29] Mr. Tucker's assertion that the State did not disclose the true basis for the stop until the April 2008 suppression hearing is not borne out by the record. The probable cause affidavit attached to the Information filed April 30, 2007, stated that the investigation of Mr. Tucker began when a confidential informant advised law enforcement that Mr. Tucker was in possession of controlled substances which he planned to transport to Sheridan. The introduction to the State's memorandum in response to Mr. Tucker's motion to suppress filed October 29, 2007, stated:

> The Defendant's Motion to Suppress has incorrectly identified the basis for justifying the stop and search of the Defendant's vehicle which occurred on or about April 26, 2007. The Defendant wrongly assumes that the justification for the search and seizure of that vehicle was pursuant to the investigatory stop exception to the warrant requirement. To the contrary, the search in this matter was a vehicle or *Carroll [v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) ] [2] doctrine search.

In its October 2007 memorandum, the State fully set forth the facts involving the confidential informant and events leading up to the stop. The State asserted:

> [I]t is the State's position that at the time of the stop, officers possessed information sufficient to constitute probable cause to believe that there was contained somewhere within the Defendant's vehicle . . .

controlled substances specifically, marijuana and methamphetamine. . . . It is the State's position that at the time of the stop, and prior to the sniff of the vehicle by the canine, Agents had probable cause and not mere reasonable suspicion. That being the case, law enforcement officers were authorized to search the interior of the vehicle. That search could be a hand search by officers, or could be facilitated through the use of a drug dog, or had they chosen to do so, they could have employed a divining rod. In any event, the search was authorized under the Fourth Amendment and Article 1, Section 4 of the Wyoming Constitution, and the determination of probable cause did not rest upon a sniff by a drug canine.

Thus, the record is clear that the State disclosed the basis for the stop well in advance of the April 2008 suppression hearing and Mr. Tucker's assertion that the disclosure was not made until the hearing is inaccurate. Mr. Tucker had notice of the informant's involvement from the beginning and was not deprived of due process in this regard.

■ [¶ 30] Mr. Tucker also contends his due process rights were violated because the State denied him access to discovery and his criminal proceedings were delayed because three different defense attorneys represented him in district court.[3] W.R.Cr.P. 11(a)(2) allows a defendant to enter a conditional guilty plea while reserving the right to seek appellate review of adverse determinations

2. In *Carroll,* an officer posed as an individual wishing to buy three cases of whiskey from the defendant and his two companions. They agreed on a price and the three men said they would go get the liquor and be back in less than an hour. They went away and in a short time one of them came back to the apartment and said they could not get it that night, but that they would deliver it the next day. They had come to the apartment in an Oldsmobile Roadster, the number of which the officer identified. The proposed vendors did not return the next day. The officer and his subordinates were regularly engaged in patrolling the road leading from Detroit to Grand Rapids, looking for violations of the Prohibition Act. Later, Carroll was driving eastward from Grand Rapids in the same Oldsmobile Roadster, when he passed the officer. The officer advised other officers that Carroll had passed him going toward Detroit and although the officer attempted to catch up, he lost him. Two months later,

the officers were going from Grand Rapids to Ionia, on the road to Detroit, when Carroll met and passed them in the same automobile, coming from the direction of Detroit to Grand Rapids. The officers followed the defendant, stopped him and searched the car. The Court upheld the warrantless search finding that "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched." *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925).

3. The district court granted motions to withdraw filed by two of the defense attorneys, the first after Mr. Tucker filed a grievance against him and the second after the attorney discovered he had a conflict of interest.

"of any specified pretrial motion." We have held that the rule does not allow a defendant to present any and all arguments on appeal after entering a conditional plea. *Kunselman v. State*, 2008 WY 85, ¶ 11, 188 P.3d 567, 569–70 (Wyo.2008). Rather, an appellant may argue only those issues that were clearly brought to the district court's attention. *Id.*

[¶ 31] Having carefully reviewed the record, we conclude Mr. Tucker did not present to the district court the claims that he was denied due process by any denial of access to discovery or the substitution of attorneys. Rather, Mr. Tucker claimed the stop was unconstitutional and his due process rights were violated by the alleged misrepresentations concerning the reason for the stop. The record clearly reflects that the district court gave Mr. Tucker several opportunities to present his due process claims after the original suppression motion was denied. Despite these opportunities, he did not argue that his rights were violated by denial of access to discovery or the substitution of counsel. Having failed to bring those issues to the district court's attention, Mr. Tucker did not reserve them for consideration on appeal. *Id.*

### 4. Arrest Warrant

[¶ 32] Mr. Tucker's final argument is that the arrest warrant was defective because it was supported by false or misleading information contained in the probable cause affidavit. The State contends the issue was not raised in district court and, in accordance with *Kunselman*, this Court should not consider it. In his "Further Specifications for Basis of Motion to Suppress," Mr. Tucker argued that a false or misleading affidavit will not support the issue of a warrant. However, having concluded that the probable cause affidavit did not contain false or misleading information, we reject Mr. Tucker's claim that the arrest was defective.

[¶ 33] Affirmed.