2011 WY 5

**Daniel Joseph BURNS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0053.

Supreme Court of Wyoming.

Jan. 19, 2011.

Rehearing Denied Feb. 23, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel, Wyoming Public Defender Program. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; David L. Delicath, Senior Assistant

Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Delicath.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶1] Appellant Daniel Joseph Burns entered a conditional plea of guilty to felony possession of a controlled substance, namely marijuana.[1] Burns reserved the right to challenge the district court's in limine ruling which prohibited him from presenting at trial any evidence and defense theories to the effect that he lawfully obtained the marijuana pursuant to a valid prescription of a practitioner in Colorado. We will affirm.

## ISSUE

[¶2] Burns presents one issue for our review:[2]

Does the fact that a defendant obtained a Schedule I controlled substance pursuant to a valid order of a practitioner in another state constitute a defense under W.S. § 35–7–1031(c)?

## FACTS

[¶3] On March 12, 2009, a trooper with the Wyoming Highway Patrol stopped Burns for speeding in Laramie County, Wyoming. Upon approaching Burns' vehicle, the trooper detected a strong odor of marijuana emanating from inside the vehicle. Burns acknowledged the presence of marijuana in the vehicle and stated it was for "medical use." A search of the vehicle revealed 666 grams, roughly one and one-half pounds, of marijuana. Burns was arrested and later charged with felony possession of a Schedule I controlled substance under Wyo. Stat. Ann. § 35–7–1031(c)(iii) (LexisNexis 2009).[3]

[¶4] As the case progressed to trial, Burns made known his intention to defend against the charge on the basis that he had legally obtained the marijuana pursuant to a valid prescription or order of a practitioner in Colorado under that state's medical marijuana laws. He submitted a proposed jury instruction setting forth that theory of defense, and listed as exhibits in his pre-trial memorandum his Colorado medical marijuana registry card and associated physician certification. The State responded by filing a motion in limine to exclude from trial

any evidence of, or defenses based upon, (1) the Defendant's admission to, or status on, the Medical Marijuana Registry maintained by the Colorado Department of Public Health and Environment; (2) the Defendant's "debilitating medical condition" as defined by or related to the Colorado Medical Marijuana Registry or the

---

1. Although the Wyoming Controlled Substances Act uses the spelling "marihuana" we will use the more common spelling "marijuana."

2. In his brief, Burns randomly throws in argument regarding Wyo. Stat. Ann. § 35–7–1024 (LexisNexis 2009). In particular, he questions whether, as the ultimate user of the marijuana at issue, that provision insulates him from criminal liability. This issue was not raised below and, consequently, it was waived by Burns' guilty plea. *Tucker v. State,* 2009 WY 107, ¶¶30–31, 214 P.3d 236, 245–46 (Wyo.2009); *Kunselman v. State,* 2008 WY 85, ¶¶11–12, 188 P.3d 567, 569–70 (Wyo.2008); *Morgan v. State,* 2004 WY 95, ¶¶23–25, 95 P.3d 802, 808–09 (Wyo.2004); *Bailey v. State,* 12 P.3d 173, 177–78 (Wyo.2000). We therefore will not address the argument.

3. That statute states in relevant part:

    (c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this Act. Any person who violates this subsection:

    (i) And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor punishable by imprisonment for not more than twelve (12) months, a fine of not more than one thousand dollars ($1,000.00), or both.... For purposes of this paragraph, the amounts of a controlled substance are as follows:

    (A) For a controlled substance in plant form, no more than three (3) ounces;

    \* \* \*

    (iii) And has in his possession any other controlled substance classified in Schedule I, II or III in an amount greater than set forth in paragraph (c)(i) of this section, is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than ten thousand dollars ($10,000.00), or both[.]

Defendant's alleged medical use of mari[j]uana; and (3) the medical efficacy of mari[j]uana.

In that motion, the State also sought to exclude Burns' proposed jury instruction to the effect that a valid prescription or order of a practitioner was a defense to the possession charge under Wyoming law.

[¶ 5] Not surprisingly, Burns resisted the State's motion. He maintained that the Colorado medical marijuana registry card and the physician's certification, pursuant to which he claimed to have acquired and possessed the marijuana, constituted a valid prescription or order of a practitioner as contemplated by § 35–7–1031(c) and, accordingly, provided him a statutorily recognized defense against the possession charge that he was entitled to present at trial. The district court disagreed and granted the State's motion in its entirety.

[¶ 6] Thereafter, and pursuant to a plea agreement, Burns entered a conditional guilty plea to the possession charge, reserving the right to challenge the district court's in limine ruling. After receiving the State's assurance that it would not pursue prosecution of the possession charge in the event this Court reversed its ruling, the district court accepted Burns' conditional plea[4] and sentenced him in accordance with the plea agreement to a suspended prison term of two to four years. This appeal ensued.

## DISCUSSION

[¶ 7] We must begin by noting that Burns' appellate brief fails to directly address or provide authority relevant to the issue presented. For instance, review would require this Court to analyze the meaning of § 35–7–1031(c). Burns provides no cogent argument or pertinent legal authority relating to this statute. Generally, this Court would decline to do Burns' work for him and summarily affirm. *See generally, Neidlinger v. State*, 2010 WY 54, ¶ 7, 230 P.3d 306, 308 (Wyo.2010); *Gabbert v. State*, 2006 WY 108, ¶ 25, 141 P.3d 690, 698 (Wyo.2006), *abrogated on other grounds by Granzer v. State*, 2008

WY 118, 193 P.3d 266 (Wyo.2008). However, despite Burns' extreme failure in appellate briefing, we will not invoke this extraordinary measure given the specific facts and circumstances of this case.

[¶ 8] The issue preserved for our review concerns the propriety of the district court's in limine ruling. "The purpose of a motion in limine is to obtain the court's pretrial ruling on the admissibility of evidence." *Reichert v. Phipps*, 2004 WY 7, ¶ 4 n. 1, 84 P.3d 353, 355 n. 1 (Wyo.2004). As with other evidentiary decisions, the question of whether or not to grant a motion in limine is left to the sound discretion of the trial court. *Capshaw v. WERCS*, 2001 WY 68, ¶ 5, 28 P.3d 855, 857 (Wyo.2001). We afford considerable deference to a trial court's evidentiary ruling and will not reverse as long as a reasonable basis exists for that ruling. *Armstrong v. Hrabal*, 2004 WY 39, ¶ 10, 87 P.3d 1226, 1230 (Wyo.2004). The burden is upon the person losing the motion to establish an abuse of discretion. *Brown v. State*, 2005 WY 37, ¶ 12, 109 P.3d 52, 56 (Wyo.2005).

[¶ 9] The district court ruled as a matter of law that the proffered evidence and defense theory were not relevant. Our review of this issue requires an analysis of § 35–7–1031(c). Since the issue in this case presents a question of law, our review is de novo. *Dougherty v. State*, 2010 WY 116, ¶ 4, 237 P.3d 403, 404 (Wyo.2010); *Crain v. State*, 2009 WY 128, ¶ 8, 218 P.3d 934, 938 (Wyo. 2009).

[¶ 10] Section 35–7–1031(c), in pertinent part, makes it unlawful in Wyoming to possess marijuana "unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice." The district court's in limine ruling was based on its determination that Burns' Colorado medical registry card and the physician's certification were not the equivalent of a "prescription or order" as intended under the statute. Consequently, the district

---

**4.** The district court was concerned that the conditional plea would not be valid under *Johnson v. City of Laramie*, 2008 WY 73, ¶¶ 5, 6, 187 P.3d

355, 356–57 (Wyo.2008), because determination of the issue on appeal might not fully resolve the case.

court concluded the exception did not apply to Burns' situation.

[¶ 11] Generally, our first step would be to analyze the definitions of "prescription" and "order" as used in the statute. However, in this case there is no need to engage in that analysis. The possession of marijuana, even for medical purposes, remains illegal. *See* Wyo. Stat. Ann. §§ 35–7–1013, 1014, 1031(c) (LexisNexis 2009); 21 U.S.C. §§ 812, 844(a). Therefore, it would be illegal for a physician to prescribe or order, in any sense, the possession of marijuana. Indeed, the Colorado law simply allows for a physician to certify that a patient might benefit from the use of marijuana as a medical treatment. Colo. Const. art. XVIII, § 14(c). It is then left entirely up to the patient whether to apply for a medical marijuana registry card from the State of Colorado. It is the State of Colorado that makes the final determination whether the patient qualifies for the registry card, thereby exempting the patient from criminal liability for possessing amounts of marijuana necessary for medicinal purposes. *Id.* Importantly, it is not the action of the physician that determines any potential possession of marijuana by the patient.[5] Clearly, therefore, the physician is not prescribing or ordering the possession of marijuana as contemplated by the language of § 35–7–1031(c). The exception found in § 35–7–1031(c) simply does not apply in this case.

### CONCLUSION

[¶ 12] Section 35–7–1031(c) does not exempt a defendant from criminal liability even if the defendant obtained a legitimate medical marijuana exception under Colorado law. Colorado law does not allow a physician to prescribe or order, in any sense of the terms, marijuana possession. Thus, pursuant to § 35–7–1031(c), a Colorado registry card is irrelevant to criminal proceedings in Wyoming. The district court's decision on the motion in limine is affirmed.

---

**5.** The Physician's Certification clearly states that it is not a prescription for marijuana.