FILED
United States Court of Appeals
Tenth Circuit

April 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IRA TUCKER,

      Petitioner-Appellant,

v.

MICHAEL MURPHY, Warden,
Wyoming Medium Correctional
Institution; ATTORNEY GENERAL OF
THE STATE OF WYOMING,

      Respondents-Appellees.

No. 12-8073
(D.C. No. 2:10-CV-00206-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Petitioner Ira Tucker, a Wyoming state prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's order dismissing his

post-judgment motion for relief pursuant to Fed. R. Civ. P 60(b). We deny a COA

and dismiss the appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Tucker pleaded guilty in Wyoming state court to two counts of possession of controlled substances with intent to deliver, reserving the right to appeal the denial of his suppression motion. His convictions were affirmed on direct appeal, *Tucker v. State*, 214 P.3d 236, 246 (Wyo. 2009) and his petition for post-conviction relief was denied. In 2010, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising twelve issues, including, as relevant here, a claim that he did not receive an initial appearance within seventy-two hours of his arrest, as required by a Wyoming rule of criminal procedure. "In a 32-page carefully and thoroughly reasoned opinion, the district court explained why each issue was either procedurally defaulted or meritless." *Tucker v. Murphy*, 456 F. App'x 756, 760 (10th Cir.), *cert. denied*, 132 S. Ct. 2111 (2012). As to Tucker's initial-appearance claim, the district court ruled that the state court had correctly held that Tucker waived this challenge when he pleaded guilty and, moreover, a violation of state criminal procedure is not a cognizable federal claim under § 2254. It granted respondent's partial motion to dismiss and for summary judgment, and this court denied Tucker a COA, *id.* at 762.

Tucker then filed a "Motion for Relief from Void Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(4) and (6)." R., Vol. I at 816. In it, he argued the district court's ruling that he waived his initial-appearance claim deprived him of his due process rights and rendered the district court's § 2254 judgment void.

- 2 -

*Id*. at 819-20.  The district court dismissed[1] the Rule 60(b) motion, ruling that Tucker was reasserting the same claim of error regarding the state court's proceeding that he had raised in his § 2254 petition.  Thus, it ruled Mr. Tucker's motion constituted a second or successive § 2254 claim that must be dismissed under 28 U.S.C. § 2244(b)(1).

Tucker must obtain a COA to pursue an appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 application unless he first obtains an order from the circuit court authorizing the district court to consider it.  28 U.S.C. § 2244(b)(3)(A).  A Rule 60(b) motion filed after a § 2254 petition has been denied is properly characterized as a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).  Tucker's Rule 60(b) claim is clearly a successive § 2254 claim

---

[1]     Although the district court's concluding sentence "denied" Tucker's Rule 60(b) motion, it clearly ruled the claim was successive and must be dismissed under 28 U.S.C. § 2244(b)(1).  Thus, we construe its order as dismissing, rather than denying, the motion.

because it asserts a basis for relief from his underlying conviction. Because it is the same claim Tucker raised in his § 2254 petition, authorization is not permitted and it must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

No jurist of reason could reasonably debate the correctness of the district court's determination that his Rule 60(b) constituted an unauthorized second or successive § 2254 claim that must be dismissed. We deny a COA and dismiss this appeal.

Entered for the Court


William J. Holloway, Jr.
Senior Circuit Judge