2008 WY 73

**Dustin JOHNSON, Petitioner,**

v.

**The CITY OF LARAMIE, Respondent.**

No. S–07–0093.

Supreme Court of Wyoming.

June 26, 2008.

Representing Petitioner: R. Michael Vang of Brown & Hiser LLC, Laramie, Wyoming.

Representing Respondent: Ashley Castor, Assistant City Attorney, Laramie City Attorney's Office, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   Dustin Johnson was arrested in the City of Laramie, Albany County, Wyoming, for driving while under the influence of alcohol in violation of Laramie Municipal Ordinance 10.24.010.  He filed a motion to suppress evidence of his blood alcohol level as measured by a breath test on the grounds that the breath analysis instrument was not in compliance with the Wyoming Chemical Testing Program's rules and regulations. Specifically, the Wyoming Chemical Testing Program's rules and regulations require breath analysis instruments be inspected "annually."  The argument centers on Johnson's assertion that "annually" means once every 365 days, which had not happened on the particular instrument in question.  The prosecution maintains that "annually" means once per calendar year, under which definition the instrument would be in compliance. The municipal court sided with the prosecution and denied Johnson's motion to suppress.  Johnson then entered a conditional guilty plea, reserving the right to appeal the municipal court's ruling on his motion to suppress.  Johnson appealed to the district court, which affirmed the municipal court's ruling.  This Court granted Johnson's petition for writ of review.  Johnson's only issue regards the definition of the term "annually" as used in the rules and regulations of the Wyoming Chemical Testing Program.  We affirm the decision of the district court.

### ISSUE

[¶ 2]   Mr. Johnson questions whether the term "annually" should have been interpreted in favor of lenity to him, which would result in suppression of the breath test in Mr. Johnson's case for failing to comply with the statutory predicate for admission of a chemical test.

### FACTS

[¶ 3]   According to the citation issued by the arresting officer, Johnson was observed making a wide turn at an intersection without using his turn signal.  The vehicle Johnson was driving had no license plates so the officer initiated a stop.  When the officer approached Johnson he smelled the distinct odor of alcohol.  The officer asked Johnson how much he had had to drink, and Johnson replied six beers.  Johnson performed poorly on the field sobriety tests.  Given this situation, the officer arrested Johnson for driving while under the influence of alcohol.  Johnson submitted to a breath test, which registered a blood alcohol level of .15.

### DISCUSSION

*Standard of review*

[¶ 4]   The construction of the term "annually" as used in the Rules and Regulations of the Wyoming Chemical Testing Program is purely a question of law, which this Court reviews de novo.

*Propriety of the conditional guilty plea*

[¶ 5]   We must begin by questioning the wisdom of accepting a conditional guilty plea in this case.  Even if Johnson had ultimately prevailed on his challenge to the evidence from the breath test, the breath test was not the only evidence supporting a conviction for driving while under the influence of alcohol.  The arresting officer's observations of Johnson during his traffic stop potentially are sufficient to support a conviction

against Johnson. Since a conviction potentially could be obtained even if the result from the breath test is suppressed, Johnson's issue will not end the case.

[¶ 6]   In essence Johnson really seeks an unauthorized interlocutory appeal. If criminal defendants are allowed to circumvent our rules by this method, this Court will be called upon to decide countless procedural and evidentiary questions on such "conditional" pleas. We already have expressed our disapproval of this process. *See generally Bouch v. State,* 2006 WY 122, ¶ 28, 143 P.3d 643, 652 (Wyo.2006) ("a trial court should only approve a conditional plea if assured that the decision of the appellate court will dispose of the case"). However, since the district court, in its discretion, allowed the appeal to proceed, we will also proceed with our review.

### Construction of the term "annually"

[¶ 7]   Properly promulgated rules and regulations have the same force and effect of law. We construe them as we construe statutes. *Olivas v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 2006 WY 29, ¶ 15, 130 P.3d 476, 484 (Wyo.2006); *Antelope Valley Imp. v. State Bd. of Equalization for State of Wyo.,* 992 P.2d 563, 566 (Wyo.1999). When construing statutes

> our primary consideration is to determine the legislature's intent. All statutes must be construed in pari materia and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not

resort to the rules of statutory construction. We must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions.

*Muller v. Jackson Hole Mountain Resort,* 2006 WY 100, ¶ 9, 139 P.3d 1162, 1166 (Wyo. 2006) (quoting *Sponsel v. Park County,* 2006 WY 6, ¶ 9, 126 P.3d 105, 108 (Wyo.2006)).

[¶ 8]   The pertinent rule of the Wyoming Chemical Testing Program, under the heading of "Analytical Equipment," states: "Each instrument . . . shall be inspected annually by the [Wyoming Chemical Testing Program]." Rules & Regulations for Chemical Analysis for Alcohol Testing ch 5, § 2(b) (2004). Johnson requests we apply the rule of lenity and construe "annually" to mean every 365 days. For several reasons, it is doubtful the rule of lenity applies to the instant circumstances. The only reason we need mention, however, is that the rule of lenity only applies in cases of ambiguity. *Fraternal Order of Eagles Sheridan Aerie No. 186, Inc. v. State ex rel. Forwood,* 2006 WY 4, ¶ 18, 126 P.3d 847, 855–56 (Wyo.2006); *Amrein v. State,* 836 P.2d 862, 865 (Wyo. 1992) ("the rule of lenity . . . comes into play when ambiguities exist"). Under our rules of construction, we find no ambiguity in the word "annually."

[¶ 9]   Words are to be given their plain and ordinary meaning. Black's Law Dictionary defines annually as:

> In annual order or succession; yearly, every year, year by year. At the end of each and every year during a period of time. Imposed once a year, computed by the year. Yearly or once a year, but does not in itself signify what time of year.

Black's Law Dictionary 89 (6th ed. 1990). The definition does not include any reference to 365 days. Rather, the one word used consistently in this definition is "year." In Wyoming, our legislature has provided a definition of the word "year." A year is statutorily defined as "a calendar year." Wyo. Stat. Ann. § 8–1–102(a)(iv) (LexisNexis 2007).

[¶ 10]  Johnson relies heavily on a case decided by the Montana Supreme Court, *State v. Frickey*, 332 Mont. 255, 136 P.3d 558 (2006).  In *Frickey*, the Montana Supreme Court was faced with a similar issue.  Frickey challenged the admissibility of the results of a breath test because the breath analysis instrument had not been inspected within the prior 365 days.  The Montana rule required inspection of such instruments on an "annual" basis.  The Montana Supreme Court found the term "annual" to be unambiguous.  *Id.* at 562.  In construing the term "annual," the Montana Supreme Court relied on a dictionary definition: "The rule defines 'annual' as 'yearly or once a year.'  ... The plain meaning of once a year is once every 12 months.  The dictionary defines a year as a period of about 365 days.  American Heritage Dictionary, pg. 2068, (3rd Ed. 1992)."  *Id* at 561.

[¶ 11]  We agree with the Montana Supreme Court that the term "annual" is unambiguous and that it refers to an event happening "yearly or once a year."  Our divergence thereafter is based on the fact that Wyoming has statutorily defined the term "year."  We therefore need not consult a general dictionary.  Had the authors of the Wyoming Chemical Testing Program's rules and regulations not wanted to follow the existing statutory definition, they easily could have specified that testing occur at least once every 365 days.  The lack of such explicit language leads us to conclude it is the intent of the Wyoming Chemical Testing Program for testing of breath analyzing instruments to occur once every calendar year.

## CONCLUSION

[¶ 12]  We find the term "annually" as used in the Wyoming Chemical Testing Program's rules and regulations is unambiguous.  It refers to once every calendar year.  We understand that, as a practical matter, this potentially allows 729 days to expire between tests.  Whether this is an appropriate policy is for the legislature and the Wyoming Chemical Testing Program to determine.

The judgment of the district court is affirmed.