2008 WY 159

**Kara WALTERS, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

**No. S–08–0037.**

Supreme Court of Wyoming.

Dec. 31, 2008.

---

Representing Petitioner: R. Michael Vang, Brown & Hiser, LLC, Laramie, Wyoming.

Representing Respondent: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; Robin Sessions Cooley, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General. Argument by Ms. Sessions Cooley.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Petitioner Kara Walters entered a conditional guilty plea to a second offense of

driving while under the influence of alcohol. She appealed to the district court, which affirmed the Judgment and Sentence. Ms. Walters petitioned this Court for a Writ of Review, which we granted. We find that Ms. Walters did not enter a valid conditional guilty plea pursuant to Rule 11(a)(2) of the Wyoming Rules of Criminal Procedure. Accordingly, we vacate the judgment of conviction and reverse for further proceedings.

### ISSUES

[¶ 2] Ms. Walters presents the following issues:

1. Was it proper for the trial court to admit Standardized Field Sobriety Test (SFST) evidence in a jury trial without first holding an evidentiary hearing to establish the arresting officer's competence and reliability to testify regarding this evidence?

2. Pursuant to Wyo. Stat. Ann. § 31–6–105(a), was it proper for the trial court to admit into evidence an Alco–Sensor portable breath test (PBT) result?

3. Was Ms. Walters improperly detained and arrested under Art. 1, § 4 of the Wyoming Constitution and the Fourth Amendment to the United States Constitution?

The State rephrases the issues:

1. Whether the trial court abused its discretion in admitting the field sobriety evidence.

2. Whether the trial court abused its discretion in admitting the Alco–Sensor test results.

3. Whether Petitioner was appropriately detained and arrested.

We, however, find that the following issue resolves this case:

Did Ms. Walters enter a proper conditional guilty plea pursuant to W.R.Cr.P. 11(a)(2)?

### FACTS

[¶ 3] On July 23, 2005, a Wyoming highway patrolman observed a vehicle that did not display a front license plate. After observing that the rear license plate was issued by South Dakota, and being aware that South Dakota requires two license plates to be displayed, the patrolman pursued and stopped the vehicle. Ms. Walters was the driver of the vehicle.

[¶ 4] During the course of the stop, the patrolman noticed the odor of alcohol emanating from both the vehicle in general and Ms. Walters in particular. When questioned, Ms. Walters first denied drinking anything, then admitted to the patrolman that she had consumed one beer. The patrolman administered several field sobriety tests, including a horizontal gaze nystagmus test, which Ms. Walters performed poorly. The patrolman next administered a portable breath test that indicated a blood-alcohol content (BAC) of 0.125%. Ms. Walters then admitted to drinking three beers and told the officer that she should not have been driving. The patrolman arrested Ms. Walters. At the jail, the patrolman administered another breath test using the machine at that facility. That test indicated that Ms. Walters had a BAC of 0.14%.

[¶ 5] Ms. Walters filed a number of pretrial motions:

1. *Motion for Access to Law Enforcement Investigation Policies;*

2. *Motion for Access to Expert Witness Information;*

3. *Demand that State Provide Notice of Intention to Use 404(b) Evidence and Motion to Suppress use of Such Evidence;*

4. *Motion for Discovery and for Leave to File Further Motions if Discovery Establishes Unknown Issues;*

5. *Motion to Give Notice of Intent to Use as Evidence the DWI Detection and Standardized Field Sobriety Testing Student Manual Published by the National Highway Traffic Safety Administration;*

6. *Request for Daubert Hearing and Motion to Suppress use of Field Sobriety Maneuvers;*

7. *Request of Notice from the State of Wyoming of Its Intent to use Statements of the Defendant and Motion to Suppress such Statements;*

8. *Motion to Suppress use of Chemical Tests;*

9. *Motion to Suppress Alco–Censor [sic] Result;*

10. *Motion for Disclosure of Prosecutors' Information about Prospective Jurors, Plea Deals with Witnesses and Witnesses' Criminal Histories;*

11. *Motion to Sequester Witnesses;*

12. *Motion for Discovery of EC/IR Software Information;*

13. *Motion to Suppress Evidence and Dismiss Case. ...*

[¶ 6] The circuit court held a motion hearing on January 3, 2006. At the beginning of the hearing, the court denied the *Motion for Discovery of EC/IR Software Information* and denied the juror information portion of the *Motion for Disclosure of Prosecutors' Information about Prospective Jurors, Plea Deals with Witnesses and Witnesses' Criminal Histories.* Ms. Walters withdrew the *Motion for Access to Law Enforcement Investigation Policies.* In addition, the court established that the State intended to use the portable breath test only to show that Ms. Walters had alcohol in her system, not the precise BAC. The court then addressed the defense motions to suppress evidence. The State presented the testimony of the arresting officer. He testified that he stopped the vehicle because of the lack of a front license plate and described his investigation from the initial stop through Ms. Walters being booked at the jail. Ms. Walters called two witnesses who testified that, contrary to the patrolman's testimony, the vehicle displayed a front license plate. One witness was the owner of the vehicle and a passenger in the vehicle on the night Ms. Walters was arrested. The other witness testified that he arrived on the scene after the patrolman left to take Ms. Walters to jail and photographed the front of the vehicle. The photographs showed the front of the vehicle with a license plate properly displayed.

[¶ 7] Subsequent to the evidentiary hearing, the circuit court issued an *Order Denying Motion to Suppress Evidence and Dismiss Case and Order Denying Motion to Suppress Statements of the Defendant.* Specifically, the court determined that the testimony of the car owner was not as reliable as that of the patrolman. The court also discounted the second witness's testimony because "he did not check for a license in the back of the vehicle and the photo was taken after the Trooper left the scene."

[¶ 8] Trial was scheduled for February 28, 2006. On that day, but before the trial was to begin, the circuit court held a hearing to consider the defense request for a *Daubert* hearing regarding the field sobriety tests, specifically the horizontal gaze nystagmus test.[1] The court determined that the tests would be admissible at trial without a *Daubert* hearing. The court also commented upon its earlier ruling regarding the portable breath test results, stating: "They can be introduced. I'm not suppressing them or keeping them out at this time."

[¶ 9] After the court denied the request for a *Daubert* hearing, Ms. Walters indicated her desire to change her plea. After confirming that Ms. Walters was changing her plea voluntarily and understood that she was giving up certain constitutional rights, the court accepted her plea of guilty. The court then ordered that a substance abuse evaluation be performed and allowed Ms. Walters to be released on bond pending sentencing. At the end of the hearing, the following exchange occurred:

The Court: ... Do you have any questions, Ms. Walters?

The Defendant: No, ma'am.

The Court: All right. Thank you.

[Defense Counsel]: And Mr. [Prosecutor] just wanted to note for the record that we're doing this as a conditional plea. So I'm just bringing that up, so we understand this is conditional.

The Court: All right. Thank you.

---

1. This is a reference to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), a seminal case involving the proper foundation for admission of expert testimony.

[Defense Counsel]: Thank you, Your Honor.

The Court: Court will be in recess.

[¶ 10] Ms. Walters was subsequently sentenced to 127 days imprisonment with 120 days suspended in favor of two years probation, and credit for two days of pretrial confinement. In the Judgment and Sentence, the court stated:

> There was [a] plea agreement entered between the parties whereby the District Attorney would consent to Ms. Walter[s] entering a conditional guilty plea under Rule 11(a)(2) of the Wyoming Rules of Criminal Procedure, which was fully disclosed and accepted by the Court as required by Rule 11(e)(2) of the Wyoming Rules of Criminal Procedure.

[¶ 11] Ms. Walters timely appealed to the district court. She argued on appeal the same issues she now raises before this Court. On January 30, 2008, the district court affirmed the Judgment and Sentence of the circuit court. Ms. Walters next petitioned this Court for a writ of review, which we granted.

### STANDARD OF REVIEW

[¶ 12] This case involves the proper interpretation of W.R.Cr.P. 11(a)(2), a question of law that we review *de novo*. *Stewart Title Guar. Co. v. Tilden*, 2008 WY 46, ¶ 7, 181 P.3d 94, 98 (Wyo.2008).

### DISCUSSION

[¶ 13] The Judgment and Sentence entered in the circuit court characterizes the guilty plea of Ms. Walters as a "conditional guilty plea." Conditional guilty pleas are governed by W.R.Cr.P. 11(a)(2) which states:

> Conditional Pleas.—With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

This rule is nearly identical to its federal counterpart. *See* F.R.Cr.P. 11(a)(2). When this Court construes court rules that are virtually identical to their federal counterparts, relevant federal authority is persuasive. *Horn v. District Court, Ninth Judicial Dist.*, 647 P.2d 1368, 1374 n. 4 (Wyo.1982).

[¶ 14] Rule 11(a)(2) imposes several requirements. The parties must make a reservation of the right to appeal a specific issue in writing. This ensures "careful attention to any conditional plea." F.R.Cr.P. 11, Notes of Advisory Committee on Rules, 1983 Amendment. It makes clear "that a particular plea was in fact conditional, and … identif[ies] precisely what pretrial issues have been preserved for appellate review." *Id.* While strict conformance with the writing requirement is the best practice, some federal courts have determined that it is not mandatory. *E.g., United States v. Yasak*, 884 F.2d 996, 1000 (7th Cir.1989); *United States v. Bell*, 966 F.2d 914, 916–17 (5th Cir.1992). Without a writing, those courts require that the record sufficiently demonstrate that the defendant intended to preserve the right to appeal a specific issue or issues. *See, e.g., United States v. Mastromatteo*, 538 F.3d 535, 542–44 (6th Cir.2008); *Yasak*, 884 F.2d at 1000. It is undisputed that in this case the parties did not make a reservation of the right to appeal a specific issue in writing. Additionally, the record does not sufficiently demonstrate that Ms. Walters intended to preserve the right to appeal the specific issues she raises on appeal.

[¶ 15] The other requirements of the rule-consent of the State and approval of the court-are mandatory. *See United States v. Bundy*, 392 F.3d 641, 645 (4th Cir.2004). The requirement that the trial court approve a conditional plea "ensures … that the defendant is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial." F.R.Cr.P. 11, Notes of Advisory Committee on Rules, 1983 Amendment. The requirement that the State consent "ensure[s] that conditional pleas will be allowed only when the decision of the [appellate] court … will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the

[charges] or suppressing essential evidence." *Id.* The required consent must be explicit in the record. For example the Court of Appeals for the Eleventh Circuit has held that "for Rule 11 purposes, silence or inaction by the government is not consent." *United States v. Pierre,* 120 F.3d 1153, 1156 (11th Cir.1997).

[¶ 16] This Court has recognized that the requirements of court approval and prosecution consent exist for the purpose of ensuring " 'that conditional pleas will be allowed only when the decision of the [appellate] court . . . will dispose of the case.' " *Bouch v. State,* 2006 WY 122, ¶ 28, 143 P.3d 643, 652 (Wyo. 2006) (quoting F.R.Cr.P. 11, Notes of Advisory Committee on Rules, 1983 Amendment). In *Knox v. State,* an early case involving a conditional guilty plea, counsel explicitly noted on the record that the issue appealed was dispositive. 848 P.2d 1354, 1356 (Wyo.1993). We implicitly agreed when we concluded that the defendant's guilty plea was conditional and addressed the issue presented on appeal. *Id.* at 1357.

[¶ 17] Years later, in *Bouch,* we emphasized the dispositive issue requirement. 143 P.3d 643. In that case, the defendant raised the issue of whether the search warrant was deficient. *Id.,* ¶ 2, 143 P.3d at 645. We noted that "a trial court should only approve a conditional plea if assured that the decision of the appellate court will dispose of the case." *Id.,* ¶ 28, 143 P.3d at 652. While we determined that the warrant issue was not case dispositive, we chose to consider the issue "in light of the unique circumstances of this case and because we have not previously addressed our concerns regarding the proper application of W.R.Cr.P. 11(a)(2)." *Id.,* ¶ 29, 143 P.3d at 652.

[¶ 18] Most recently, we again emphasized the dispositive issue requirement in *Johnson v. City of Laramie,* 2008 WY 73, 187 P.3d 355 (Wyo.2008). In that case, the defendant was charged with driving while under the influence of alcohol and moved to suppress a breath test. *Id.,* ¶ 1, 187 P.3d at 356. The trial court denied the motion to suppress, and the defendant entered a conditional guilty plea reserving the right to appeal that decision. *Id.* We challenged the

propriety of the conditional guilty plea under the circumstances because "[e]ven if Johnson had ultimately prevailed on his challenge to the evidence from the breath test, the breath test was not the only evidence supporting a conviction for driving while under the influence of alcohol." *Id.,* ¶ 5, 187 P.3d at 356. Despite this deficiency, we chose to address the defendant's appellate issue. *Id.,* ¶ 6, 187 P.3d at 357. Though we exercised our discretion and addressed the substantive issue in both *Bouch* and *Johnson,* we decline to do so here. In this case, all issues presented in this appeal are not dispositive, and there is no indication in the trial court record regarding the specific issue or issues that were reserved for appeal.

[¶ 19] The essential problem created by use of the conditional guilty plea when the issues reserved are not dispositive is that further judicial proceedings will be required if the defendant prevails on appeal. In that situation, upon remand, the defendant will be entitled to withdraw the plea. At that point, the defendant may then enter another guilty plea or proceed to trial. In either case, the proceeding may result in another appeal and further delay. If the defendant opts for trial, the ability of both parties to present their case may be compromised. The delay may be more significant to the government because it bears the burden of proof. Use of the conditional guilty plea, when the issues reserved are not dispositive, " 'only serve[s] to postpone the trial and require the government to try the case after substantial delay, during which time witnesses may be lost, memories dimmed, and the offense grown so stale as to lose jury appeal.' " *Bouch,* ¶ 28, 143 P.3d at 652 (quoting F.R.Cr.P. 11, Notes of Advisory Committee on Rules, 1983 Amendment).

[¶ 20] Use of the conditional guilty plea when the reserved issues are not dispositive may also negatively impact appellate review. Proper appellate review requires an adequate factual record. It is important that the issues presented to this Court be "capable of disposition on a pretrial record." *Bundy,* 392 F.3d at 646. The factual record is particularly important when we attempt a harmless error analysis. If an appellate court

finds error in a pretrial ruling, it may not be able to determine whether the error is harmful. "Permitting conditional guilty pleas to preserve non-case-dispositive pretrial issues for appeal would undermine harmless-error analysis." *Id.* at 647.

[¶ 21] These concerns compel us to enforce compliance with W.R.Cr.P. 11(a)(2) in this case. The dispositive issue rule minimizes the risks of unnecessary trial and appellate litigation and avoids the possibility of appellate courts deciding appeals without an adequate record. Moreover, we agree with the following statement by the *Bundy* court:

> [W]e believe it is the duty of the [trial] court in the first instance "to ensure that the defendant reserves only issues that can adequately be reviewed without a full trial record, resolution of which by this court would dispose of the case." ... A [trial] court should reject any conditional guilty plea that purports to preserve for appellate review pretrial issues that, in the [trial] court's own judgment, are not fully case-dispositive.

392 F.3d at 647. An issue is dispositive if (1) an appellate ruling in the defendant's favor would require dismissal of the charges or suppression of evidence necessary for conviction, or (2) where an appellate ruling in the State's favor would require affirming the conviction. *Id.* at 648. The State's assessment of the case has considerable weight, but the ultimate decision belongs to the trial court. The question for the court is whether the appeal will end the case. *Id.*

[¶ 22] Turning our attention to the current case, the first question we must answer is whether Ms. Walters entered a valid conditional guilty plea, including conformance with the dispositive issue requirement. We conclude that she did not. First, there is neither a written reservation of the particular appellate issue, nor does the record demonstrate that Ms. Walters intended to preserve any specific issue or issues for appeal. There was no mention during the change of plea hearing of what issue or issues Ms. Walters intended to appeal. The Judgment and Sentence specifies no particular issue to be appealed. The first mention of the issues raised on appeal appears in the first brief filed in the district court on appeal from the circuit court. Second, there is a significant question regarding whether the court approval and State consent requirements were met. The first mention of the conditional nature of the plea occurred after Ms. Walters had entered a plea of guilty and the circuit court had accepted it. Rather than consenting to a conditional plea, the court was merely informed that the plea it had just accepted was conditional. Additionally, the State did not mention or consent to the conditional nature of the guilty plea prior to entry of the plea.

[¶ 23] The main basis for our decision to reject the plea for noncompliance with W.R.Cr.P. 11(a)(2), however, is that two of the three issues raised on appeal are not dispositive. Namely, Ms. Walters contends that the circuit court inappropriately ruled that evidence of her performance on field sobriety tests and the portable breath test was admissible. Even if she were to prevail on those issues, the case would not be fully resolved because the State could still introduce the statements of Ms. Walters and the results of the alcohol sensor test administered at the jail, which indicated a BAC of 0.14%. Both Ms. Walters and the State conceded as much during oral argument before this Court. In addition, the State contends that admission of the field tests, even if improper, is harmless error. It is impossible, however, to evaluate the prejudicial effect of this evidence. Because no trial occurred, there is no record of how this evidence would be introduced, how it would be addressed by counsel in argument, or whether any other evidence of guilt would be introduced. Put simply, it would be pure speculation for this Court to reach any conclusion regarding harmless error given the lack of a trial record in this case.

[¶ 24] The third issue presented by Ms. Walters, however, is dispositive. She contends that the initial stop violated the Fourth Amendment to the United States Constitution and Art. 1, § 4 of the Wyoming Constitution. If Ms. Walters were to prevail on this issue, suppression of all evidence obtained as a result of the illegal traffic stop

would have to be suppressed. Because there is no evidence of guilt other than that obtained as a result of the traffic stop, a finding in favor of Ms. Walters on this issue would require dismissal of the charges against her.

[¶ 25] We are now faced with a situation similar to that presented in *Bundy*, 392 F.3d at 649. The question is whether the two non-dispositive issues taint the entire conditional plea, or whether we may separate the single dispositive issue and resolve it. Like the *Bundy* court, we conclude that the entire plea is invalid.

[¶ 26] "'The alternatives to a conditional plea being entered are either that an unconditional plea has been entered or that no [valid] plea has been entered.'" *Bundy*, 392 F.3d at 649 (quoting *United States v. Carrasco*, 786 F.2d 1452, 1454 n. 2 (9th Cir.1986)). In order for a plea to be valid, it must be knowingly and voluntarily made. *E.g.*, *Major v. State*, 2004 WY 4, ¶ 11, 83 P.3d 468, 472 (Wyo.2004); *Maes v. State*, 2005 WY 70, ¶¶ 8–9, 114 P.3d 708, 710 (Wyo. 2005). A plea of guilty is a waiver of non-jurisdictional defenses. *E.g.*, *Rutti v. State*, 2004 WY 133, ¶ 10, 100 P.3d 394, 400–01 (Wyo.2004); *Guy v. State*, 2008 WY 56, ¶¶ 41–43, 184 P.3d 687, 700 (Wyo.2008). In this case, Ms. Walters did not voluntarily waive the right to appeal. Indeed, defense counsel's discussion with the court at the conclusion of the plea hearing indicated that Ms. Walters explicitly believed that she would be able to undertake an appeal. We cannot therefore treat the plea of Ms. Walters as a voluntary unconditional plea. "Because there is no valid plea—conditional or unconditional—to support the judgment of conviction, that judgment must be vacated." *Bundy*, 392 F.3d at 649. On remand, Ms. Walters may choose to enter another conditional guilty plea—with the consent of the State and the approval of the court—reserving only dispositive issues. Alternatively, she may enter an unconditional guilty plea or proceed to trial.

[¶ 27] We reverse the order of the district court affirming the conviction of Ms. Walters and remand for further proceedings consistent with this opinion.