FOX, Justice.
[¶1] Devin Jay Hardman entered a conditional no contest plea to the charge of driving under the influence, causing serious bodily *117 injury pursuant to Wyo. Stat. Ann. §§ 31-5-233(b)(i) and 31-5-233(h)(i). The district court entered its Order Granting Entry of Conditional Plea Pursuant to W.R.Cr.P. 11(a)(2), identifying the purpose of the conditional plea as:
[T]o allow the Defendant to appeal the District Court's denial of the Defendant's motions to suppress the blood alcohol concentration (BAC) level of eight one-hundredths of one percent (0.08%) and to allow any further hearings pursuant to Daubert v. Merrell Dow Pharms. , 509 U.S. 579, 592-595[, 113 S.Ct. 2786, 2796-98, 125 L.Ed.2d 469] ( 1993)....
(Emphasis in original.)
[¶2] Mr. Hardman raises a number of issues on appeal; however, the threshold issue is whether he presents a proper conditional plea. We conclude that he does not, and since reversal of the district court's order is required because "the issues are clearly controlled by settled Wyoming law," we enter an abbreviated opinion pursuant to W.R.A.P. 9.06.
[¶3] W.R.Cr.P. 11(a)(2) requires: 1) the parties to make a reservation of the right to appeal a specific issue in writing, 2) the State's consent, and 3) the trial court's approval. Matthews v. State , 2014 WY 54, ¶ 15, 322 P.3d 1279, 1281 (Wyo. 2014) (citing Walters v. State , 2008 WY 159, ¶¶ 14-15, 197 P.3d 1273, 1277 (Wyo. 2008) ).[1] These three requirements were met, and the specific issues are identified in the district court's order, which was approved as to form by both parties. We next consider the "fourth requirement, that 'conditional pleas will be allowed only when the decision of the [appellate court] ... will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the [charges] or suppressing essential evidence.' " Matthews , ¶ 15, 322 P.3d at 1281 (quoting Walters , ¶ 15, 197 P.3d at 1277-78 ); see also Brown v. State , 2017 WY 45, ¶¶ 10-11, 393 P.3d 1265, 1270 (Wyo. 2017).
[¶4] For purposes of this analysis, we disregard the additional issues raised in the Brief of Appellant and focus only on those issues preserved in the Order Granting Entry of Conditional Plea Pursuant to W.R.Cr.P. 11(a)(2). The motion to suppress Mr. Hardman's blood alcohol content is an issue that would likely be dispositive because a ruling in Mr. Hardman's favor would compel dismissal of the charges by suppressing essential evidence. A remand for further Daubert hearings, however, could lead to a variety of outcomes, most of which would entail further proceedings without necessarily disposing of the case. We have said that the entire plea is invalid if it contains a non-dispositive issue. See Walters , 2008 WY 159, ¶ 26, 197 P.3d at 1280. We reverse and remand to the district court for proceedings consistent with this opinion.

W.R.Cr.P. 11(a)(2) states:
Conditional Pleas.-With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.