# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 114

### OCTOBER TERM, A.D. 2025

October 22, 2025

CODY ALLAN KOTRC,

Appellant
(Defendant),

v.                                                                    S-25-0042

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
The Honorable Misha E. Westby, Judge

*Representing Appellant:*
Brandon T. Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Cally E. Martinez, Senior Assistant Attorney General. Argument by Ms. Martinez.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, JJ., and McGRADY, D.J.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**JAROSH, Justice.**

[¶1]    Cody Allan Kotrc entered a conditional plea of guilty to aggravated assault and battery for strangling his fiancée, AP.  Pursuant to the agreement, Mr. Kotrc would be permitted to withdraw his guilty plea if the district court granted a then-pending motion to suppress and, if the district court denied the motion, Mr. Kotrc would be permitted to appeal the decision to this Court.  The district court denied the motion to suppress, and Mr. Kotrc appealed.  On appeal, Mr. Kotrc asserts the district court should have suppressed statements he made to investigating police officers because he was not properly Mirandized prior to making the statements.  Although the issue was not raised by either party, our review of the record demonstrates Mr. Kotrc's conditional guilty plea was not valid pursuant to Rule 11(a)(2) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.).  Accordingly, we vacate the judgment of conviction and reverse for further proceedings.

## ISSUE

[¶2]    While the parties state the issue as whether the district court erred in denying the motion to suppress, we find the following issue is dispositive:

> Did Mr. Kotrc enter a valid conditional guilty plea pursuant to W.R.Cr.P. 11(a)(2)?

## FACTS

[¶3]    In the early morning hours of December 23, 2023, officers from the Laramie Police Department responded to a report of a domestic disturbance at Mr. Kotrc's home.  Law enforcement had also responded to the residence a few hours earlier due to a hang-up call to 911 from Mr. Kotrc's phone.

[¶4]    Four officers initially arrived on scene; three, including Officer Evan Kamerer, remained to investigate. Upon entering the home, officers observed Mr. Kotrc seated on the kitchen floor, holding his pregnant fiancée, AP, by the wrists. At Officer Kamerer's direction, Mr. Kotrc released AP, and she left the kitchen.

[¶5]    Officer Kamerer requested Mr. Kotrc remain seated on the kitchen floor during the approximately forty-minute interaction that followed. He repeated the request at least four times. The officer later testified the request was based on safety concerns because Mr. Kotrc had a history of aggression, was visibly emotional, was physically larger than the officer, and was near kitchen knives and other individuals, including AP.

[¶6]    Early on, Mr. Kotrc voluntarily assumed a position to be handcuffed, but Officer Kamerer declined, stating it was unnecessary.  Throughout the encounter, officers did not

1

draw weapons or use physical restraints. Officer Kamerer repeatedly informed Mr. Kotrc that he was not under arrest, and questioning remained mostly conversational.

[¶7]   About twenty-six minutes into the interaction, Officer Kamerer briefly stepped away to speak with one of the other officers and learned that AP reported Mr. Kotrc had been "yelling" at and "antagonizing" her for hours, which started their argument. Although AP did not remember how Mr. Kotrc grabbed her, she remembered having difficulty breathing and experiencing pain before being thrown to the ground. Another eyewitness, Diane Johnson, reported that Mr. Kotrc placed AP in a chokehold and said she saw Mr. Kotrc "throw [AP] to the ground." Officer Kamerer briefly conferred with the other officer about a possible domestic battery charge, noting that such a charge could lead to a charge for aggravated assault.

[¶8]   When Officer Kamerer returned to the kitchen, Mr. Kotrc asked if he was under arrest. Officer Kamerer responded that he was not, but clarified he was being detained and was not free to leave. Officer Kamerer then resumed questioning Mr. Kotrc. Although during earlier questioning Mr. Kotrc denied any physical contact with AP, he subsequently admitted to Officer Kamerer that he restrained AP by the chin and neck and took her to the ground "under his constraint." Mr. Kotrc explained his actions were intended to prevent further property damage.

[¶9]   Roughly forty minutes after initial contact, officers arrested Mr. Kotrc for strangulation of a household member. He was handcuffed and became noncompliant, requiring officers to carry him from the residence.

**Procedural History**

[¶10]  On December 28, 2023, the State charged Mr. Kotrc with felony aggravated assault and battery against a pregnant woman, felony strangulation of a household member, misdemeanor domestic battery, and misdemeanor interference with a police officer.[1] After a preliminary hearing in circuit court, the case was bound over for arraignment in district court.

[¶11]  On May 17, 2024, Mr. Kotrc moved to suppress statements made before his formal arrest, arguing they were elicited during a custodial interrogation without Miranda warnings. The State opposed the motion and argued no Miranda advisements were necessary because Mr. Kotrc was not in custody until his formal arrest.

---

[1] Initially, the State charged Mr. Kotrc with one felony count of domestic battery in violation of Wyoming Statute § 6-2-511(a). However, the State amended its Information to accurately reflect that Mr. Kotrc's previous convictions did not qualify to enhance domestic battery to a felony. Accordingly, the charge was amended to misdemeanor domestic battery.

[¶12]   On June 27, 2024, the district court held a motion to suppress hearing.  At the outset, Mr. Kotrc's counsel notified the court that Mr. Kotrc would be entering a conditional guilty plea, but that it was important to go forward with the hearing because he was preserving the issue of suppression for appeal.

[¶13]   At the suppression hearing, Officer Kamerer testified that Mr. Kotrc was not free to leave and that the encounter constituted an investigative detention. The State conceded interrogation occurred but argued Mr. Kotrc was not in custody and pointed to the following reasons:  Mr. Kotrc made "unprompted" and "voluntary" statements to officers; questioning was relaxed and conversational and only lasted about forty minutes; questioning was in Mr. Kotrc's own kitchen; no threats or promises were made by officers; and Mr. Kotrc was told he was not under arrest. The State argued custody began at the point of Mr. Kotrc's formal arrest.

[¶14]   Mr. Kotrc argued custody began when officers entered the home and directed him to remain seated. He also noted the number of officers present, the extended duration of the encounter, control over his movements, and the nature of the questioning supported the conclusion that he was in custody.

[¶15]   The court took the motion to suppress under advisement and then immediately proceeded with Mr. Kotrc's change of plea. With the State's agreement and the district court's approval, Mr. Kotrc entered a conditional guilty plea to aggravated assault, reserving his right to appeal a denial of the suppression motion. The court accepted his plea on a conditional basis.

[¶16]   Ultimately, the district court denied Mr. Kotrc's motion to suppress, finding under the totality of the circumstances Mr. Kotrc was not in custody at the time of his incriminating statements. In reaching its conclusion the court considered:

- The setting—a familiar environment (Mr. Kotrc's kitchen);
- The presence of three officers;
- The absence of physical restraint or weapons;
- The conversational tone of questioning; and
- Repeated assurances that Mr. Kotrc was not under arrest.

The court concluded that although some factors supported Mr. Kotrc's position—namely, that officers repeatedly told him to stay seated and also told him he was not free to leave—the interaction did not amount to a custodial interrogation requiring Miranda warnings.

[¶17]   This appeal followed.

3

[¶18]   The interpretation of a conditional plea under W.R.Cr.P. 11(a)(2) is a question of law that we review de novo.  *Walters v. State,* 2008 WY 159, ¶ 12, 197 P.3d 1273, 1277 (Wyo. 2008).

**DISCUSSION**

[¶19]   Neither party addressed the validity of Mr. Kotrc's conditional plea in their briefing. However, during oral argument, this Court raised the issue sua sponte, seeking clarification from both parties as to whether the conditional guilty plea was in fact valid.  In response, counsel for both Mr. Kotrc and the State unequivocally maintained that the conditional plea was valid and properly entered.  While we acknowledge the parties' agreement on this point, the validity of Mr. Kotrc's conditional plea is a dispositive issue.

[¶20]   Rule 11(a)(2) permits conditional guilty pleas, and states:

> With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

W.R.Cr.P. 11(a)(2).

[¶21]   In examining Rule 11(a)(2), this Court has identified four elements for a conditional guilty plea to be valid: (1) reservation of the right to appeal a specific issue in writing, (2) the State's consent, (3) the district court's approval, and (4) the issue reserved must be dispositive. *Barney v. State,* 2022 WY 49, ¶ 23, 507 P.3d 459, 463 (Wyo. 2022) (citing W.R.Cr.P. 11(a)(2); *Robinson v. State*, 2019 WY 125, ¶ 12, 454 P.3d 149, 155 (Wyo. 2019) (other citation omitted)).

[¶22]   Here, the first three elements are satisfied. Mr. Kotrc reserved his right to a conditional plea in writing, first in the notice of intent to change his plea, and then in the district court's order. The second and third elements are also met, as the state agreed to the conditional plea, and the district court approved the plea, as reflected in the record. At sentencing, the State asked the district court to "go along" with the plea agreement, and the court also accepted the guilty plea "on a conditional basis."

[¶23]   The validity of Mr. Kotrc's conditional plea turns on the fourth element—requiring that the reserved issue be dispositive.  An issue is not dispositive unless reversal requires dismissal of the charges or suppression of evidence necessary for conviction. *Barney,* ¶ 23,

507 P.3d at 463 (citing *Hardman v. State*, 2018 WY 24, ¶¶ 3-4, 413 P.3d 116, 117 (Wyo. 2018); *Brown v. State*, 2017 WY 45, ¶¶ 9, 12, 393 P.3d 1265, 1270-71 (Wyo. 2017); *Walters*, ¶¶ 21, 23, 197 P.3d at 1279; *United States v. Bundy*, 392 F.3d 641, 648 (4th Cir. 2004) ("In short, there should be no trial after the specified issues are resolved by the court of appeals.")). "The essential inquiry for the court is whether the appeal will end the case." *Brown*, ¶ 11, 393 P.3d at 1270 (citation omitted).

[¶24] Mr. Kotrc's conditional guilty plea sought to preserve a single issue for appeal: whether the statements he made while sitting on his kitchen floor should be suppressed. For this to support a valid conditional plea, suppression of those statements would need to be dispositive of the entire case. In this case, the requirement cannot be satisfied because, even if Mr. Kotrc's statements were suppressed, there is independent evidence the prosecution could rely on to proceed. This evidence includes testimony from AP, the victim, who reported to police officers at the scene that Mr. Kotrc grabbed her, impeded her breathing, and threw her to the ground, where she suffered minor injuries. Further, Diane Johnson, who called 911, told officers she observed Mr. Kotrc grab AP from behind the neck and throw her to the ground, which corroborated AP's version of events. Physical evidence of a disturbance also existed—Mr. Kotrc had visible injuries to the knuckles on his left hand, which were bleeding, and there was blood on the floor and the refrigerator. Finally, other officers were present, and their observations and interviews were available to the State, independent of Mr. Kotrc's suppressed statements. The district court appeared to acknowledge uncertainty as to whether the issue reserved was dispositive, as it equivocated in its order and described the motion to suppress as "potentially dispositive."

[¶25] A lack of certainty about whether an issue is dispositive invalidates a conditional plea. In *Walters*, this Court declined to review the issues raised in Mr. Walters' conditional plea because not all of them were dispositive and concluded that when even one of the issues preserved is not dispositive, the entire plea is invalid. *Walters,* ¶ 25, 197 P.3d at 1280. In *Johnson v. City of Laramie*, this Court found that a breath test result was not dispositive because other evidence, including the arresting officer's observations during the traffic stop, supported conviction for DUI, and a conviction could be obtained even if the results from the breath test were suppressed. *Johnson v. City of Laramie,* 2008 WY 73, ¶ 5, 187 P.3d 355, 356-57 (Wyo. 2008)*; see also Bouch v. State,* 2006 WY 122, ¶ 28, 143 P.3d 643, 652 (Wyo. 2006) ("Generally, a trial court should only approve a conditional plea if assured that the decision of the appellate court will dispose of the case."); *Hardman*, ¶¶ 3-4, 413 P.3d at 117 (finding a non-dispositive issue renders a conditional plea invalid).

[¶26] Having found Mr. Kotrc's conditional guilty plea invalid, this Court must next consider whether to address the merits of his appeal. We typically adhere to the general rule of refraining from addressing the merits of an appeal after concluding a conditional plea is invalid due to non-dispositive issues. *See Walters,* ¶¶ 23, 25, 197 P.3d at 1279, 1280 (addressing concerns surrounding the proper application of Rule 11(a)(2) and likewise declining to reach the merits); *see also Matthews v. State,* 2014 WY 54, ¶¶ 2, 18, 322 P.3d

5

1279, 1282 (Wyo. 2014) (raising conditional plea issue sue sponte and considering it dispositive of the appeal). However, there are circumstances in which we have exercised our discretion to nonetheless proceed. For instance, in *Brown*, even though we decided a no contest plea was invalid, we recognized our own authority to convert an improperly brought appeal into a writ of review, taking the opportunity "to attempt to clarify some of the questions of law as to which there are substantial bases for difference of opinion." *Brown,* ¶ 13, 393 P.3d at 1271. Similarly, in both *Johnson* and *Bouch*, we considered the underlying merits of each of those cases despite procedural deficiencies, guided by concerns of judicial economy and the importance of issues presented. *See Johnson,* ¶ 6, 187 P.3d at 357 (proceeding with the substantive issue because it was a second appeal after an appeal from the circuit court to the district court); *see also Bouch,* ¶ 28, 143 P.3d at 652 (finding "unique circumstances" warranted consideration of the reserved issue, and proceeding "because we have not previously addressed our concerns regarding the proper application of W.R.Cr.P. 11(a)(2)").

[¶27] This case presents no comparable justification for departing from the usual rule. There is no pressing need to clarify the law, and Mr. Kotrc has already completed his sentence. Notably, during oral argument in this matter, this Court afforded the State an opportunity to stipulate to a dismissal should we reverse on the merits—an agreement that would have rendered the substantive issue dispositive. The State, however, declined to make such a commitment. For this reason as well, we decline to convert this matter to a writ of review.

## CONCLUSION

[¶28] We conclude Mr. Kotrc did not enter a valid conditional guilty plea, and consequently, we reverse and remand to the district court for further proceedings in accordance with this opinion.

6