# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 22

OCTOBER TERM, A.D. 2025

February 17, 2026

SABRINA KAYLEE SUNSHINE STONE,

Appellant
(Defendant),

v.

S-25-0154

THE STATE OF WYOMING,

Appellee
(Plaintiff)

*Appeal from the District Court of Natrona County*
*The Honorable Joshua C. Eames, Judge*

*Representing Appellant:*
Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Senior Assistant Appellate Counsel. Argument by Mr. Meerkreebs.

*Representing Appellee:*
Keith G. Kautz, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Samuel Williams, Senior Assistant Attorney General. Argument by Mr. Williams.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**Hill, Justice.**

[¶1]    Sabrina Stone entered a conditional guilty plea to one count of felony child endangerment.  She reserved the right to appeal the district court's order denying her motion to suppress evidence collected during a traffic stop and subsequent search of her apartment.  Finding Ms. Stone's conditional guilty plea is not valid under Rule 11(a)(2) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.), we vacate the judgment and sentence and reverse for further proceedings.

## ISSUE

[¶2]    Ms. Stone raises three issues:

1) Was the stop of Ms. Stone's truck justified at its inception?

2) Were Ms. Stone's inculpatory statements obtained in violation of her rights under *Miranda v. Arizona*?

3) Did the State meet its burden of proving that Ms. Stone's inculpatory statements were given voluntarily?

We, however, find the following issue dispositive: Did Ms. Stone enter a valid conditional plea under W.R.Cr.P. 11(a)(2)?

## FACTS

[¶3]    Casper police officers stopped Ms. Stone for driving her truck with a cracked windshield which obstructed her view.  Ms. Stone, her infant child, and a male passenger were in the truck.  One of the officers, Officer Lougee, believed the passenger to be an individual with active warrants and asked Ms. Stone to step out of the truck while Ms. Stone tried to pull up her insurance information on her phone.

[¶4]    During his initial interaction with Ms. Stone, Officer Lougee observed Ms. Stone appeared nervous, had dilated pupils, and was shaky, which might indicate the person is under the influence of stimulants.  While Ms. Stone was finding her information, Officer Lougee asked Ms. Stone questions about her passenger.  Ms. Stone stated she did not know his full name.  Officer Lougee asked the passenger to also step out of the truck and sit by Ms. Stone on the curb.  He additionally asked if the child would be fine in the truck for a short time.

[¶5]    Officer Lougee confirmed the passenger was the individual he believed him to be and arrested him on five active warrants.  He asked Ms. Stone if there was anything illegal

1

in the truck. Ms. Stone responded she was not aware of anything. Officer Lougee then asked Ms. Stone if the officers could search the truck and she said, "I guess, yeah." He reiterated that it was up to her and she again said, "I guess, yeah." While the officers searched the truck, Ms. Stone was standing on the sidewalk holding her child.

[¶6] The officers found suspected methamphetamine in a backpack in the truck and asked Ms. Stone about it. Ms. Stone confirmed the backpack was hers but asserted it should not have methamphetamine in it. When Officer Lougee told Stone what they had found, she began to cry. Officer Lougee told Ms. Stone the substance still needed to be tested, and Ms. Stone said that the test would "pop hot." Officer Lougee asked her to tell him more about the bag with the suspected methamphetamine. At that point, Ms. Stone stated she did not want to talk to Officer Lougee anymore.

[¶7] Officer Lougee directed Ms. Stone to sit in the back of his patrol vehicle. The officers tested the substance, and it tested presumptive positive for methamphetamine. Officer Lougee then asked Ms. Stone about her child and possible relatives. Ms. Stone became emotional and Officer Lougee told her he was going to call the Department of Family Services to come take custody of the child but she could keep the child with her until they arrived. Ms. Stone calmed down after this exchange. Officer Lougee then asked Ms. Stone if she wanted to have a conversation with him. Ms. Stone replied, "yes, please."

[¶8] At that point, Officer Lougee advised Ms. Stone of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Ms. Stone spoke to Officer Lougee and admitted she recently relapsed and used methamphetamine earlier that day. Officer Lougee told Ms. Stone his goal was to help her get better, protect her child, and make sure there were no additional substances that would undermine these goals. He asked if there were more substances at her home and stated if she was willing to voluntarily go there with the officers, they could collect any other methamphetamine. Ms. Stone stated she wanted to go, and Officer Lougee confirmed Ms. Stone was agreeing to a voluntary search of her home. The officers found additional methamphetamine at Ms. Stone's apartment.

[¶9] The State charged Stone with one count of child endangerment under Wyo. Stat. Ann. § 6-4-405(b) for allowing a child to remain in a dwelling and vehicle where she knew methamphetamine was stored and one count of misdemeanor possession. Regarding the child endangerment count, the information stated Ms. Stone "did while having the care and custody of a child knowingly and willfully cause or permit a child . . . to remain in a dwelling and vehicle where she knows methamphetamine is possessed, stored, or ingested; a felony, in violation of W.S. § 6-4-405(b)."

[¶10] Ms. Stone filed a motion to suppress the evidence found during the searches of her truck and apartment. She asserted the initial stop was not justified at its inception because her cracked windshield did not violate a Wyoming traffic law and the stop was pretextual. She argued that even if the stop was justified at its inception, the officers' questions during

2

the stop were beyond the scope of the justification for the initial stop and violated her fifth amendment rights. She also argued that her consent to the searches of her truck and apartment was not voluntary.

[¶11] The district court ultimately denied Ms. Stone's motion. The court found the stop was justified at its inception and the officers did not impermissibly extend the scope of the stop. The court also found there was no violation of *Miranda* because Ms. Stone was not in custody and was not interrogated. The court additionally concluded Ms. Stone's statements were voluntary. In its order, the court acknowledged in a footnote that the drugs found in Ms. Stone's truck likely could sustain her charges without her statements.

[¶12] Thereafter, Ms. Stone and the State reached a plea agreement. Ms. Stone entered a conditional guilty plea to child endangerment, and the State dismissed the count of possession. Both parties agreed to recommend a sentence of two to three years in prison, suspended in favor of two years of probation. Ms. Stone filed her written notice of a conditional plea with a reservation of her right to contest the district court's denial of her motion to suppress. The court accepted the plea agreement and followed the recommendation for sentencing. This appeal followed.

## STANDARD OF REVIEW

[¶13] "The interpretation of a conditional plea under W.R.Cr.P. 11(a)(2) is a question of law that we review de novo." *Kotrc v. State*, 2025 WY 114, ¶ 18, 578 P.3d 40, 43 (Wyo. 2025) (citing *Walters v. State*, 2008 WY 159, ¶ 12, 197 P.3d 1273, 1277 (Wyo. 2008)).

## DISCUSSION

[¶14] The validity of Ms. Stone's plea presents a threshold issue for this Court to address before considering the merits of the issues Ms. Stone presents. Rule 11(a)(2) provides:

> With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

W.R.Cr.P. 11(a)(2).

[¶15] This court has identified four elements a conditional guilty plea must meet in order to be valid under Rule 11(a)(2). *Kotrc*, ¶ 21, 578 P.3d at 43. The elements are: "(1) reservation of the right to appeal a specific issue in writing, (2) the State's consent, (3) the district court's approval, and (4) the issue reserved must be dispositive." *Id.* (citing *Barney v. State*, 2022 WY 49, ¶ 23, 507 P.3d 459, 463 (Wyo. 2022)).

3

[¶16]   Like *Kotrc*, the first three elements are satisfied here.  See *Kotrc*, ¶ 22, 578 P.3d at 44.  The record shows Ms. Stone reserved her right to enter a conditional plea in writing, the State agreed to the conditional plea, and the district court approved the plea.  Indeed, the district court noted the plea was conditional, explained to Ms. Stone the meaning of a conditional plea, and sentenced Ms. Stone as recommended under the agreement.

[¶17]   However, also similar to *Kotrc*, the fourth element is not satisfied in this case.  Not all of Ms. Stone's reserved issues are dispositive.  An issue is dispositive if reversal requires dismissal of the charges or suppression of evidence necessary for conviction.  *Kotrc*, ¶ 23, 578 P.3d at 44 (citing *Barney*, ¶ 23, 507 P.3d at 463; *Hardman v. State*, 2018 WY 24, ¶¶ 3–4, 413 P.3d 116, 117 (Wyo. 2018); *Brown v. State*, 2017 WY 45, ¶¶ 9, 12, 393 P.3d 1265, 1270–71 (Wyo. 2017); *Walters*, ¶¶ 21, 23, 197 P.3d at 1279; *United States v. Bundy*, 392 F.3d 641, 648 (4th Cir. 2004) ("In short, there should be no trial after the specified issues are resolved by the court of appeals.")).  "The essential inquiry for the court is whether the appeal will end the case."  *Kotrc*, ¶ 23 578 P.3d at 44 (quoting *Brown*, ¶ 11, 393 P.3d at 1270).

[¶18]   Ms. Stone's conditional guilty plea preserved her right to seek review of the court's order on her motion to suppress.  As noted above, Ms. Stone's motion to suppress was based on essentially the same three issues she asserts on appeal: 1) the initial stop was invalid; 2) the officers violated her fifth amendment rights under *Miranda*; and 3) her statements were not voluntary.  The district court denied the motion addressing each of these issues.  The court found: 1) the stop was justified at its inception because the officers had reasonable suspicion Ms. Stone was violating Wyo. Stat. Ann. § 31-5-955(a) by operating a vehicle with a cracked windshield that materially obstructed her view; 2) the officers did not violate *Miranda* because nothing about the circumstances of the stop transformed it into an arrest, and she was not in custody or being interrogated when she made her statements; and 3) Ms. Stone's statements were voluntary and not the product of coercion.

[¶19]   Ms. Stone's first issue is dispositive.  If this Court were to hold the entire traffic stop was not justified at its inception and therefore the evidence found following the stop was suppressed, this appeal would end the case.  *See Kotrc*, ¶ 23, 578 P.3d at 44.  In short, the State would have no evidence available to support a conviction.

[¶20]   On the other hand, if we were to find the traffic stop was justified, issues two and three are not dispositive.  Even if Ms. Stone's statement that the methamphetamine would "pop hot," her statement that she had recently relapsed and used methamphetamine at her home, and the methamphetamine found at her apartment were all suppressed, the State would still have the physical evidence of the methamphetamine in her backpack in her truck.  This physical evidence would be sufficient for a factfinder to find that Ms. Stone

4

allowed her child to be in a vehicle where methamphetamine was stored in violation of Wyo. Stat. Ann. § 6-4-405(b).

[¶21] A violation of § 6-4-405(b) occurs if a person knowingly and willfully permits a child "to remain in a room, dwelling or vehicle where that person knows that illicit methamphetamine or illicit fentanyl is possessed, stored or ingested." As noted above, in its information, the State alleged Ms. Stone violated this statute by allowing her child to remain in both a dwelling and a vehicle where methamphetamine was possessed, stored or ingested. Thus, the methamphetamine found in the truck could sustain the charge regardless of what was found at her apartment. Indeed, when Ms. Stone gave the factual basis for her guilty plea, the basis she gave was "I was driving around with methamphetamine in my vehicle with my daughter present." Consequently, even if the methamphetamine from her apartment were suppressed, there was still evidence of a violation of § 6-4-405(b), which means issues two and three are not dispositive.

[¶22] This Court has consistently held that if even one of the issues preserved under a conditional guilty plea is not dispositive, the entire plea is invalid. *Kotrc*, ¶ 25, 578 P.3d at 44; *Brown*, ¶ 11, 393 P.3d at 1270 (citing *Walters*, ¶ 25, 197 P.3d at 1280; *Matthews v. State*, 2014 WY 54, ¶ 18, 322 P.3d 1279, 1282 (Wyo. 2014) (declining to address issues raised in conditional plea because one of the three issues was not dispositive)). Because issues two and three are not dispositive, Ms. Stone's plea is invalid.

[¶23] Once we determine a guilty plea is invalid, we consider whether we should nevertheless address the address the merits of the appeal. *Kotrc*, ¶ 26, 578 P.3d at 44. Our general rule is to refrain from addressing the merits of an appeal when a conditional plea is invalid for the reason that the issues are not dispositive. *Id.* (citing *Walters*, ¶¶ 23, 25, 197 P.3d at 1279–80 (addressing concerns surrounding the proper application of Rule 11(a)(2) and likewise declining to reach the merits); *see also Matthews*, ¶¶ 2, 18, 322 P.3d at 1279, 1282 (Wyo. 2014) (raising conditional plea issue sue sponte and considering it dispositive of the appeal)). We, however, have departed from this general rule on occasions where, among other things, unique circumstances related to judicial economy or important issues requiring the clarification of questions of law exist. *Kotrc*, ¶ 26, 578 P.3d at 45 (citing *Brown*, ¶ 13, 393 P.3d at 1271; *Johnson v. City of Laramie*, 2008 WY 73, ¶ 6, 187 P.3d 355, 357 (Wyo. 2008); *Bouch v. State*, 2006 WY 122, ¶ 28, 143 P.3d 643, 652 (Wyo. 2006)).

[¶24] We find no justification in the circumstances of this case to depart from our general rule. The issues do not pertain to an area of the law that is new or needs clarification. Likewise, this case presents no special issues of judicial economy. We, therefore, decline to address the merits of the appeal.

**CONCLUSION**

[¶25] We hold Ms. Stone did not enter a valid conditional guilty plea and, therefore, reverse and remand to the district court for further proceedings consistent with this opinion.